**FILED**

# E-filing

$< 30$
$>$

MAY **1 5** 2008

**RICHARD W. WIEKING**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name ___HARVEY_____   ___Quillie_____   __L.__
    (Last)               (First)         (Initial)

Prisoner Number ___H-28106_____

Institutional Address ___P.O. BOX 1050_____

======================================================

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

___Quillie L. HARVEY JR.___   CV 08   2491

Full Name of Petitioner

                                      Case No.(To be provided by the
                                        clerk of court)   **CRB**

  vs.

___M.S. EVANS___   **(PR)**

                            PETITION FOR A WRIT OF HABEAS CORPUS
    Name of Respondent
  (Warden or jailor)

======================================================

Read Comments Carefully Before Filling In

When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

petition will likely be transferred to the district court for the district that includes the institution where you are confined.  Habeas L.R. 2254-3(b).

Who to Name as Respondent

    You must name the person in whose actual custody you are. This usually means the Warden or jailer. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

    If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

    1.    '   What sentence are you challenging in this petition?

        (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

PRiSoN DisciPliNARY    N/A            N/A
                 Court                             Location

        (b)    Case number, if known _____ N/A _____
        (c)    Date and terms of sentence _____ N/A _____
        (d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes __ No __

Where? _____ N/A _____
      (Name of Institution)             (Address)

    2.    For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

_____ N/A _____

_____

_____

    3.    Did you have any of the following?   N/A

Arraignment: Yes __ No __    Preliminary Hearing: Yes __ No __ Motion to Suppress: Yes __ No __

3

4.    How did you plead?

Guilty _____    Not Guilty _____    Nolo Contendere _____

Any other plea (specify) _____ *N / A*

5.    If you went to trial, what kind of trial did you have?

Jury _____    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?    Yes ___ No ___

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment   Yes ___        No ___
(b)    Preliminary hearing        Yes ___        No ___
(c)    Time of plea   Yes ___        No ___
(d)    Trial    Yes ___        No ___
(e)    Sentencing    Yes ___        No ___
(f)    Appeal        Yes ___        No ___
(g)    Other post-conviction proceeding    Yes ___        No ___

8.    Did you appeal your conviction?    Yes _✓_ No ___

(a)    If you did, to what court(s) did you appeal?

| | | | | |
|---|---|---|---|---|
| Court of Appeal | Yes _✓_ | No ___ | *NOV. 30 2007* | *DENIED* |
| | | | (Year) | (Result) |
| Supreme Court of California | Yes _✓_ | No ___ | *JAN. 14, 2008* | *DENIED* |
| | | | (Year) | (Result) |
| Any other court | Yes ___ | No ___ | | |
| | | | (Year) | (Result) |

(b)    If you appealed, were the grounds the same as those that you are raising in this petition?
                                    Yes _✓_ No ___

(c)    Was there an opinion?        Yes ___ No _✓_

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
                                    Yes ___        No ___ *N/A*

4

If you did, give the name of the court and the result:

_____

9.    Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?     Yes  ✓          No

ON AUGUST 26, 2007 PETITIONER FILED A WRIT IN THE FEDS CASE No. C-07-4434 CRB (PR). THIS WRIT WAS dismissed WiTHouT PREJUDICE iN BRINGING iT oNCE PETITIONER EXHAUSTED His ADMINISTRATIVE REMEDIES AT THE SUPREME COURT. PETITIONER HAS doNE So AND NoW BRINGS THESE GROUNDS PROPERLY EXHAUSTED.

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court _SUPERIOR COURT MONTEREY COUNTY (HC5707)_

Type of Proceeding _PETITION FOR WRIT OF HABEAS CORPUS_

Grounds raised (Be brief but specific):

a. _DUE PROCESS_

b. _DUE PROCESS "FAIR & IMPARTIAL HEARING"_

c. _DUE PROCESS "DENIAL OF STAFF ASSISTANT"_

d. _DUE PROCESS "CONFIDENTIAL SOURCES"_

Result _DENIED_                     Date of Result _JUN. 21, 2007_

II.    Name of Court _COURT OF APPEAL SIXTH APPELLATE DISTRICT (H032177)_

Type of Proceeding _PETITION FOR WRIT OF HABEAS CORPUS_

Grounds raised (Be brief but specific):

a. _SAME AS ABOVE DUE PROCESS_

b. _____

c. _____

d. _____

Result _DENIED_                     Date of Result _NOV. 30, 2007_

III.    Name of Court _CALIFORNIA SUPREME COURT (S159909)_

6

Type of Proceeding _____PETITION FOR WRIT OF HABEAS CORPUS_____

Grounds raised (Be brief but specific):

a. _____DUE PROCESS "DENIAL OF STAFF ASSISTANT"_____

b. _____DUE PROCESS "FAIR & IMPARTIAL HEARING"_____

c. _____

d. _____

Result _____DENIED_____   Date of Result _____MAR. "08"_____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any

court?    Yes __ No ✓

_____

(Name and location of court)

B.  GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully.  Give facts to

support each claim.  For example, what legal right or privilege were you denied?  What happened?  Who

made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you need

more space.  Answer the same questions for each claim.

Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

petitions may be dismissed without review on the merits.  28 U.S.C. § 2244(b); McCleskey v. Zant, 499

U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: _I WAS NOT GIVING A STAFF ASSISTANT WHICH PREVENTED ME_

7

*identifying the locations of my witnesses.*

Supporting Facts: _____
_____ *SEE SUPPORTING FACTS TO GROUND*
*ONE.* _____

Claim Two: *OFFICER DIAZ ; PARSONS WROTE FALSE REPORTS WHICH*
*denied PETITIONER A FAIR ; IMPARTIAL HEARING.* _____

Supporting Facts: _____ *SEE SUPPORTING FACTS TO GROUND*
*TWO* _____
_____
_____

Claim Three: _____
_____

Supporting Facts: _____
_____
_____
_____

If any of these grounds was not previously presented to any other court, state briefly which

grounds were not presented and why:
_____ *N/A* _____
_____
_____

1. ___SUPPORTING FACTS TO GROUND ONE___

2. ON JUNE 14, 2005 PETITIONER WAS PLACED IN Ad.SEG. FOR POSSESSION OF A

3. WEAPON and NARCOTICS. PETITIONER REQUESTED A STAFF ASSISTANT BECAUSE I KNEW

4. WHAT CELLS MY WITNESSES WERE IN BUT did NoT KNOW THEIR CDC NUMBERS. PETI-

5. TIONERS' WITNESSES WOULD HAVE STATED THAT THE OFFICERS WERE GOING FROM CELL

6. TO CELL AND PLACING CONTRABAND IN ONE BIG ENVELOPE, PETITIONERS WITNESSES

7. WOULD HAVE STATED THAT THE WEAPONS did NoT COME OUT OF PETITIONERS CELL.

8. THE DENIAL OF A STAFF ASSISTANT RESULTED IN PETITIONER NoT BEING ABLE TO

9. PROPERLY PREPARE HIS DEFENSE AND ULTIMATELY ENDING IN A FINDING OF GUILT

10. FOR POSSESSION OF A WEAPON.      (SEE EXHIBIT A)

11. ___SUPPORTING FACTS TO GROUND TWO___

12. THE SOME EVIDENCE I WAS FOUND GUILTY ON WAS OFFICER DIAZ'S

13. PARSON'S REPORTS WHICH WERE FALSE. BECAUSE PETITIONER WAS DENIED HIS STAFF

14. ASSISTANT AND WITNESSES PETITIONER HAD TO GET OFFICER DIAZ' PARSON TO

15. ADMIT THAT THERE WERE MORE THAN THEM TWO IN PETITIONERS' CELL AND THAT THE

16. SEARCHES WERE NoT DONE PROFESSIONAL AS THEIR REPORTS REFLECTED. INSTEAD OF TELL-

17. ING THE TRUTH THEY SAID THEY WERE THE ONLY ONES THAT SEARCHED MY CELL AND THAT

18. THEY WERE NoT PLACING ALL CONTRABAND IN ONE ENVELOPE. SALAO'S REPORT SHOWS THAT

19. HE WAS ALSO SEARCHING MY CELL. I ALSO SEEN TWO OTHER OFFICERS THAT HAD CAME OUT

20. OF ANOTHER CELL GO INTO MINE TO SEARCH. THE OFFICERS ALSO STATED THEY PHOTOGRAPH-

21. ED THE CONTRABAND IN THE PLACE WHERE IT WAS FOUND. THIS WAS FALSE BECAUSE ALL

22. THE CONTRABAND IN THE CELLS WERE PLACED IN A ENVELOPE LATER TO BE PLACED IN CELLS

23. TO BE PHOTOGRAPHED. THE SOME EVIDENCE WHICH WERE FALSE REPORTS WERE ALSO

24. USED AGAINST ME AT A JULY 30TH 2007 PAROLE HEARING TO SHOW THAT I WAS STILL A

25. POTENTIAL THREAT TO SOCIETY. THE BOARD OF PAROLE HEARING HAD PREVIOUSLY RECOM-

26. MENDED PETITIONER REMAIN DISCIPLINARY FREE FOR A SUBSTANTIAL AMOUNT OF

27. TIME.          (SEE EXHIBIT A)

28.

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

Wolff v. McDonnel (1974) 418 U.S. 539, 566)

Do you have an attorney for this petition?    Yes ___  No ✓

If you do, give the name and address of your attorney:

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on _MAY 13, 2008_    _Willie Harmer_
                 Date              Signature of Petitioner

( rev. 5/96)

9

# Exhibit



# Supreme Court Copy

MC–275

Name Quillie Harvey

Address Salinas Valley State Prison

P.O. Box 1050

Soledad, CA. 93960

CDC or ID Number H-28106

SUPREME COURT
# FILED

JAN 1 4 2008

Frederick K. Ohlrich Clerk

Supreme Court of
California

Deputy

(Court)

| Quillie Harvey | |
|---|---|
| Petitioner | |
| vs. | |
| M.S. Evans | |
| Respondent | |

### PETITION FOR WRIT OF HABEAS CORPUS

No. **S159909**

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–275

**This petition concerns:**

☐ A conviction            ☐ Parole

☐ A sentence              ☐ Credits

☐ Jail or prison conditions    ☑ Prison discipline

☐ Other *(specify):* _____

1. Your name: _QUILLIE HARVEY_

2. Where are you incarcerated? _SALINAS VALLEY STATE PRISON_

3. Why are you in custody? ☑ Criminal Conviction  ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

_2ND DEGREE MURDER WITH USE OF A FIRE ARM._

b. Penal or other code sections: _187_

c. Name and location of sentencing or committing court: _SAN DIEGO COUNTY_

d. Case number: _N/A_

e. Date convicted or committed: _1991_

f. Date sentenced: _N/A_

g. Length of sentence: _19 YEARS TO LIFE_

h. When do you expect to be released? _UPON REHABILITATION_

i. Were you represented by counsel in the trial court?  ☐ Yes.  ☑ No. If yes, state the attorney's name and address:

_____

_____

4. What was the LAST plea you entered? *(check one)*

☐ Not guilty  ☑ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☐ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6. GROUNDS FOR RELIEF                                                    MC-275

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

I WAS NOT GIVING A STAFF ASSISTANT WHICH PREVENTED ME
FROM IDENTIFYING THE LOCATIONS OF MY WITNESSES.

a. Supporting facts:
   Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

ON JUNE 14, 2005 PETITIONER WAS PLACED IN Ad.SEG. FOR POSSESSION OF A WEAPON
AND NARCOTICS. PETITIONER REQUESTED A STAFF ASSISTANT BECAUSE HE KNEW WHAT
CELLS HIS WITNESSES WERE IN BUT DID NOT KNOW THEIR CDC NUMBERS. PETITION-
ERS WITNESSES WOULD HAVE STATED THAT THE OFFICERS WERE GOING FROM CELL
TO CELL AND PLACING CONTRABAND IN ONE BIG ENVELOPE. PETITIONERS WITNESSES
WOULD HAVE STATED THAT THE WEAPONS DID NOT COME OUT OF PETITIONERS CELL.
THE DENILE OF A STAFF ASSISTANT RESULTED IN PETITIONER NOT BEING
ABLE TO PROPERLY PREPARE HIS DEFENSE AND ULTIMATELY ENDING IN A
FINDING OF GUILT FOR POSSESSION OF A WEAPON.
   (RELEVANT PAGES TO THIS COUNT OR GROUND PGS. 56, 55, 54, 53 ? 75.

   (FOR PURPOSE OF THIS WRIT THE ATTACHMENT ARE NUMBERED OF "BOTTOM" OF PAGE)

b. Supporting cases, rules, or other authority (optional):
   *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

C.C.R.15, 3315(d) ? 3318(b)(B), 14TH AMENDMENT TO THE U.S.
CONSTITUTION, WOLFF V. McDONNELL (1974) 418 U.S. 539, 566

7. Ground 2 or Ground __2__ *(if applicable):*                                                  MC–275

OFFICER DIAZ : PARSONS WROTE FALSE REPORTS WHICH denied PETITIONER
A FAIR : IMPARTIAL HEARING.

a. Supporting facts:

THE SOME EVIDENCE I WAS FOUND GUILTY ON WAS OFFICER DIAZ'S : PARSONS REPORT,
WHICH WERE FALSE. BECAUSE PETITIONER WAS DENIED HIS WITNESSES PETITIONER HAD TO GET
OFFICERS DIAZ : PARSONS TO ADMIT THAT THERE WERE MORE THEN THEM TWO IN PETITIONERS
CELL AND THAT THE SEARCHES WERE NOT DONE PROFESSIONAL AS THEIR REPORTS REFLECTED. (SEE ATTACH-
MENTS 70 : 71) INSTEAD OF TELLING THE TRUTH THEY SAID THEY WERE THE ONLY ONES THAT SEARCHED MY
CELL AND THAT THEY WERE NOT PLACING ALL CONTRABAND IN ONE ENVELOPE. SALAO'S REPORT SHOWS THAT
HE WAS ALSO SEARCHING MY CELL. (ATTACHMENT 47) I ALSO SEEN TWO OTHER OFFICERS THAT
HAD CAME OUT OF ANOTHER CELL GO INTO MINE TO SEARCH. THE OFFICERS ALSO STATED THEY PHOTO-
GRAPHED THE CONTRABAND IN THE PLACE WHERE IT WAS FOUND, THIS WAS FALSE BECAUSE ALL THE CON-
TRABAND WAS PLACED IN A EVIDENCE ENVELOPE THEN PUT IN THE CELLS LATER, TO BE PHOTOGRAPHED.
(ATTACHMENTS 59, 60 : 61) THE SOME EVIDENCE WHICH WERE FALSE REPORTS WERE ALSO USED
AGAINST ME AT A JULY 30TH 2007 PAROLE HEARING TO SHOW THAT I WAS A POTENTIAL
THREAT TO SOCIETY. WHEN I TOLD THE BOARD OF PAROLE HEARINGS THAT THE WRITE UP WAS
UNDER APPEAL I WAS TOLD THAT AS LONG AS I WAS FOUND GUILTY IT WOULD BE USED AGAINST ME
AND IT WASN'T THEIR JOB TO LOOK AT ALL THE EVIDENCE. I WILL BE GOING BACK TO A HEARING
FOR PAROLE IN 2012 AND THIS ILLEGAL FINDING OF GUILT WILL BE USED AGAINST ME BE-
CAUSE THE BOARD HAS STIPULATED THAT I AM TO BE DISCIPLINARY FREE FOR A SUBSTANTIAL
AMOUNT OF TIME. I MAKE NO ASSUMPTIONS THAT I WAS FRAMED A MISTAKE WAS MADE AND NEEDS TO BE RECTIFIED.

b. Supporting cases, rules, or other authority:

63483 WEST'S ANN. CAL. PENAL CODE §118.1 "PEACE OFFICER FALSE REPORT."
63509 WEST'S ANN. CAL. PENAL CODE §125 "UNQUALIFIED STATEMENT OF THAT NOT KNOWN TO BE
TRUE" 14TH AMENDMENT TO THE U.S. CONSTITUTION.

MC–275

8. Did you appeal from the conviction, sentence, or commitment?  ☑ Yes.  ☐ No. If yes, give the following information:
- a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

    SUPERIOR COURT HABEAS & COURT OF APPEAL ( HC5707) ; (H032177)

b. Result ___DENIED ; DENIED.___ c. Date of decision: _6-21-07 ; 11-30-07._

d. Case number or citation of opinion, if known: _HC5707 ; H032177._

e. Issues raised: (1) ___DUE PROCESS___

   (2) ___DUE PROCESS___

   (3) ___FALSE REPORTS___

f. Were you represented by counsel on appeal?  ☐ Yes.  ☑ No. If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☑ No.  If yes, give the following information:

a. Result ___N/A___ b. Date of decision: ___N/A___

c. Case number or citation of opinion, if known: ___N/A___

d. Issues raised: (1) ___N/A___

   (2) ___N/A___

   (3) ___N/A___

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    ___N/A___

11. Administrative Review:
  a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review.

    EXHAUSTED THROUGH 3RD level, STATE HABEAS & COURT OF

    APPEAL.

  b. Did you seek the highest level of administrative review available?  ☑ Yes.  ☐ No.
     *Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 2007]          **PETITION FOR WRIT OF HABEAS CORPUS**          Page 5 of 6

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, **MC–275**
commitment, or **issue** in any court?  ☑ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _Montery County Habeas Corpus_

    (2) Nature of proceeding (for example, "habeas corpus petition"): _Habeas Corpus_

    (3) Issues raised: (a) _Due Process_

      (b) _Due Process_

    (4) Result (Attach order or explain why unavailable): _Denied_

    (5) Date of decision: _June 21, 2007_

  b. (1) Name of court: _Montery County Superior Court of Appeal 6TH Dis._

    (2) Nature of proceeding: _Habeas_

    (3) Issues raised: (a) _Due Process_

      (b) _Due Process_

    (4) Result (Attach order or explain why unavailable): _Denied_

    (5) Date of decision: _11-20-07_

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_N/A_

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

_N/A_

16. Are you presently represented by counsel?  ☐ Yes.  ☑ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?  ☑ Yes.  ☐ No. If yes, explain:
_Civil & Criminal Habeas on other Cases not connected to This._

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _1-10-08_  ▶ _Quillie Harvey_
                                  (SIGNATURE OF PETITIONER)

STATE OF CALIFORNIA
CDCR 3022-B (REV. 07/07)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

*Describe only this reporting periods specific Plan of Operation*

| INSTITUTION SVSP | EFFECTIVE DATE OF PLAN January 3, 2008 | PROGRAM STATUS NUMBER: FC-08-08-07 |
|---|---|---|

| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☐ STATE OF EMERGENCY |
|---|---|---|---|

| ☐ INITIAL | ☒ UPDATE | ☐ CLOSURE |
|---|---|---|

**RELATED INFORMATION (CHECK ALL THAT APPLY)**

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION: | ☐ ALL | ☒ BATTERY |
| ☒ FACILITY:  Facility C | ☒ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT: | ☒ WHITE | ☒ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☒ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☐ OTHER | ☒ OTHER  Weapons/Staff Threat |
| ☐ OTHER: | | ☒ On-going Violence |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☒ NORMAL Inmates on Phase VIII release | ☒ NORMAL I/M release to program | ☐ NORMAL |
| ☐ ESCORT ALL MOVEMENT | ☐ CRITICAL WORKERS ONLY | ☒ NO DAYROOM ACTIVITIES |
| ☐ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☐ CULINARY | ☐ MODIFIED: |
| ☐ CONTROLLED MOVEMENT | ☐ CLERKS | **RECREATION** |
| ☒ OTHER:  I/M on modified program in restraints | ☐ VOCATION/EDUCATION | ☐ NORMAL |
| | ☐ CANTEEN | ☒ NO RECREATIONAL ACTIVITIES |
| **FEEDING** | ☐ CLOTHING ROOM | ☐ MODIFIED: |
| ☐ NORMAL | ☐ RESTRICTED WORK PROGRAM | |
| ☒ CELL FEEDING | ☐ PORTERS | **CANTEEN** |
| ☐ CONTROLLED FEEDING IN DINING ROOM | ☐ NO INMATE WORKERS | ☒ NORMAL I/M release to program |
| ☐ HOUSING UNIT/DORM AT A TIME | **SHOWERS** | ☐ NO CANTEEN |
| ☐ DORM POD AT A TIME | ☒ NORMAL I/M released to program | ☒ MODIFIED:  $45.00 canteen draw for modified I/M |
| ☐ TIER AT A TIME | ☒ ESCORTED I/M on modified program | **PACKAGES** |
| ☐ HOUSING UNIT SECTION AT A TIME | ☒ ONE INMATE PER SHOWER – OWN TIER | ☒ NORMAL |
| ☐ SACK MEAL BREAKFAST | ☐ CELL PARTNERS TOGETHER – OWN TIER | ☐ NO PACKAGES |
| ☐ SACK MEAL LUNCH | ☐ DORM SHOWERING BY GROUP | ☐ MODIFIED: |
| ☐ SACK MEAL DINNER | ☐ CRITICAL WORKERS ONLY | |
| **DUCATS** | ☐ NO SHOWERS | |
| ☒ NORMAL | **MEDICAL** | **PHONE CALLS** |
| ☐ MEDICAL DUCATS ONLY | ☒ NORMAL MEDICAL PROGRAM I/M released to program | ☐ NORMAL I/M released to program |
| ☐ CLASSIFICATION DUCATS | ☒ PRIORITY DUCATS ONLY I/M on modified program | ☒ NO PHONE CALLS |
| ☐ PRIORITY DUCATS ONLY | ☒ LVN CONDUCT ROUNDS IN UNITS I/M on modified program | ☐ MODIFIED: |
| | ☒ INMATES ESCORTED TO SICK CALL I/M on modified program | |
| **VISITING** | ☐ EMERGENCY MEDICAL ONLY | **RELIGIOUS SERVICES** |
| ☒ NORMAL VISITING I/M Phase VIII/Others | ☐ OTHER: | ☒ NORMAL |
| ☒ NON-CONTACT ONLY I/M on modified program | **LEGAL LIBRARY** | ☐ NO RELIGIOUS SERVICES |
| ☐ NO VISITING | ☒ NORMAL I/M released to program | ☒ MODIFIED:  In-cell worship |
| ☐ OTHER: | ☒ APPROVED COURT DEADLINES PLU progressing to GLU | |

REMARKS: Facility C has suspended its incremental release due to incidents SVP-FCY-08-01-0003 and SVP-FCY-08-01-0004. The facility will be assessing those two incidents. As part of the assessment the facility will be conducting interviews with the inmate population. All Southern/Mexican National, White and Fresno Bulldogs will be placed on modified program. Inmates who have been released within Phase VIII are on normal program. The BMU is at normal program. The Other population is at normal program.

State of Emergency only: Postponement of nonessential administrative decisions, actions and the normal time requirements:
☐ Approved  ☐ Disapproved

| PREPARED BY: J. CELAYA | DATE 01/03/2008 | NAME / SIGNATURE (WARDEN) M.S. EVANS | DATE 01/02/3008 |
|---|---|---|---|

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, Quillie Harvey _____ declare under penalty of perjury that: I am
the _Petitioner_ in the above entitled action; I have read the foregoing documents
and know the contents thereof and the same is true of my own knowledge, except as to matters
stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _10TH_ day of _JANUARY_ _____, 20_08_____, at Salinas Valley State
Prison, Soledad, California 93960-1050.

(Signature)_____

DECLARANT/PRISONER

---

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _Quillie Harvey_____, am a resident of California State Prison, in the County of
Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of
the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-
1050.

On _JANUARY 10_, 200_8_____, I served the foregoing: _PETITION FOR WRIT OF
HABEAS CORPUS_____

_____

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with
postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas
Valley State Prison, Soledad, California 93960-1050.

_SUPREME COURT OF CALIFORNIA_____
_EARL WARREN BUILDING_____
_350 McALLISTER STREET_____
_SAN FRANCISCO, CA. 94102_____

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular
communication by mail between the place of mailing and the place so addressed.

---

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _1-10-_____, 20_08_____,    _____

# Supreme Court Copy

**FILED**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

JUN 21 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY

**1**

**2**

**3**

**4** In re

**5** Quillie Leroy Harvey, Jr.

**6** On Habeas Corpus.

)
)  Case No.: HC-S707
)  ORDER
)
)
)
)

S. GARSIDE
**SUPREME COURT**
**LODGED EXHIBITS**

JAN 1 4 2008

**Deputy**

**S 159909**

**7**

**8** Petitioner filed a petition for writ of habeas corpus. On June 8, 2007, Petitioner filed a

**9** "Motion for Leave to File Supplemental Claims." The motion was granted.

**10** Petitioner is incarcerated at Salinas Valley State Prison in Soledad.

**11** On October 19, 2006, Petitioner was found guilty of possession of a deadly weapon

**12** (Rules Violation Report (RVR) S06-03-0033R). No credit was forfeited.

**13** Petitioner has exhausted his administrative remedies.

**14** A prison administrator's decision to revoke good time credits must be based on some

**15** evidence. *Superintendent v. Hill* (1985) 472 U.S. 445, 455.

**16** There is some evidence that supports the Senior Hearing Officer's guilty finding. The

**17** guilty finding was based on 1) RVR authored by Correctional Officer A. Diaz and 2) CDC837

**18** Supplemental Report Log No. SVP-CEN-05-06-0365 authored by Correctional Officer E.

**19** Parsons. In the RVR, Correctional Officer Diaz stated that he found an inmate manufactured

**20** weapon on the Petitioner's bed. On June 14, 2005, Correctional Officers Diaz and Parsons

**21** conducted a search of the cell occupied by Petitioner and Inmate Knight. Correctional Officer

**22** Diaz searched the top bed, lifted the mattress and found one inmate manufactured weapon on the

**23** bed. The top bed was assigned to Petitioner. The weapon was in the middle of the bed which

**24** was approximately 5 inches in length and ½ inch width sharpened to a point. Attached to the

**25** weapon were a white cloth sleeve and a blue cloth string laced on top to tie a noose to cover the

1

1    metal. The weapon also had a blue cloth string that tied on top wrapped by a rubberband to form

2    a makeshift handle. In his supplemental report, Correctional Officer Parson stated that during

3    the search Correctional Officer Diaz found two inmate manufactured weapons and a suspected

4    heroin.

5        Petitioner claims that Correctional Officers Diaz and Parson wrote false reports.

6    Petitioner's claim fails. Here, the Senior Hearing Officer found their statements credible.

7    Determining whether the some-evidence standard has been met does not require an examination

8    of the entire record, *independent assessment of the credibility of witnesses, or weighing of the*

9    *evidence. Superintendent v. Hill, supra,* 472 U.S. at pp. 455-456.

10       Petitioner appears to claim that the anonymous note to staff was not reliable. On or about

11    June 2, 2006, Petitioner was issued a CDC1030, Confidential Information Disclosure Form. The

12    anonymous note received stated that a search of several cells on Facility C would produce

13    weapons and drugs. Petitioner's claim is irrelevant because the anonymous note "was not used

14    at [the RVR] hearing." (See 115-C dated October 19, 2006.)

15       Petitioner claims that he was denied due process because he was not timely served with

16    the RVR. Petitioner fails to show prejudice. Since Petitioner was not timely served with the

17    RVR, Associate Warden C. Noll ordered the RVR reissued and reheard. The RVR was reissued

18    and reheard. Moreover, no credit forfeiture occurred.

19       Petitioner claims that the delay in holding the RVR hearing hindered his ability to call

20    witnesses. This claim is not persuasive. Petitioner requested witnesses, but did not provide their

21    CDC numbers nor their current housing location. Petitioner had sufficient time to obtain the

22    CDC numbers and locations of the requested witnesses. Petitioner should have been able to

23    provide the necessary information to locate the Petitioner's requested witnesses. Prison officials

24    indicated that due to the large number of inmates housed in the CDC with the last names,

25    locating the requested witnesses with insufficient information was not possible.

1        Petitioner claims that he was denied a Staff Assistant.  The prison officials properly

2 denied Petitioner's request for a Staff Assistant.  Petitioner did not make a sufficient showing

3 that he needed a Staff Assistant under California Code of Regulations, title 15, section

4 3315(d)(2).

5        The petition is denied.

6        IT IS SO ORDERED.

7 Dated: 6-21-07

8

9                             Hon. Jonathan R. Price

10                             Judge of the Superior Court

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

____**JUN 2 2 2007**____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses

as hereinafter set forth:

Quillie Harvey (H-28106)
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Dated:____**JUN 2 2 2007**

LISA M. GALDOS,
Clerk of the Court

By: _____
Deputy   S. GARSIDE

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, _Quillie HARVEY_ declare under penalty of perjury that: I am the _PETETIONER_ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _25TH_ day of _APRIL_, 20_07_, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) _Quillie Harvey_

DECLARANT/PRISONER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _Matthew Raye Bradford_, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On _APRIL 25_, 20_07_, I served the foregoing: _PETITION FOR WRIT OF HABEAS CORPUS_

_TOTALING 67 PAGES_

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

_OFFICE OF THE ATTORNEY GENERAL_ / _SUPERIOR COURT OF CALIFORNIA_
_455 GOLDEN GATE AVE. SUITE 11000_ / _COUNTY OF MONTEREY_
_SAN FRANCISCO, CA. 94102_ / _240 CHURCH STREET, SUITE 318_
_ATTN. CORRECTIONAL LAW SECTION_ / _SALINAS, CA. 93901_

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct. _Matthew R. Bradford_

DATED: _4-25-_, 20_07_, _Quillie Harvey_

DECLARANT/PRISONER

⑤

MC-275

Name _Quillie Harvey_

Address _P.O. BOX 1050_

_Soledad, CA. 93960_

CDC or ID Number _H-28106_

**MAY 0 1 200** **FILED**

**MAY 0 1 2007**

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____DEPUTY

S. GARSIDE

_SUPERIOR COURT OF CALIFORNIA_

_COUNTY OF MONTEREY_
(Court)

PETITION FOR WRIT OF HABEAS CORPUS

_Quillie Leroy Harvey JR._
Petitioner

vs.

_M. S. EVANS_

Respondent

No. _HC5707_

_(To be supplied by the Clerk of the Court)_

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)



American LegalNet, Inc.
www.USCourtForms.com

(6)

This petition concerns:

☐ A conviction                      ☐ Parole

☐ A sentence                        ☐ Credits

☐ Jail or prison conditions         ☒ Prison discipline

☐ Other (specify): _____

Your name: _QUILLIE HARVEY_____

Where are you incarcerated? _SALINAS VALLEY STATE PRISON_____

Why are you in custody?  ☒ Criminal Conviction  ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

_2ND DEGREE MURDER WITH THE USE OF A FIREARM._

b. Penal or other code sections: _187_____

c. Name and location of sentencing or committing court: _SAN DIEGO COUNTY_

d. Case number: _____

e. Date convicted or committed: _1991_____

f. Date sentenced: _1991_____

g. Length of sentence: _19 YEARS TO LIFE (15 TO LIFE PLUS A CONSECTIVE 4 YEARS)._

h. When do you expect to be released? _UPON REHABILITATION_

i. Were you represented by counsel in the trial court?  ☒ Yes.  ☐ No. If yes, state the attorney's name and address:

_JERRY LEAHY, SAN DIEGO COUNTY_

4. What was the LAST plea you entered? *(check one)*

☐ Not guilty  ☒ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☐ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

---

MC-275 [Rev. July 1, 2005]          **PETITION FOR WRIT OF HABEAS CORPUS**          Page two of six

②

GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground.  State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PeTiTioNeR did NoT ReCeiVe THe PROceSSeS DuE UNdER THe CaLifoRNiA CodE oF REGU-laTioNS TiTle 15, (CCR 15)

a.  Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts,  or other documents supporting your claim.)*

ON JuNe 14, 2005 I WAS PlACed iN AdMiNiSTRaTiVe SegRegaTioN (Ad SeG.) FOR A WEA-PoN & NARCoTiCS. I WAS NoT SeRVed WiTH THe RuleS VioLaTioN RePoRT (R.V.R) WiTHiN THe TiMe LiMiTS SeT ouT iN CCR.15. THiS PReVeNTed ME FRoM BEiNG ABle To iDEN-TiFY ANd CALL WiTNeSSeS, WHiCH ULTiMATElY PReJudiCEd MY R.V.R. HeARiNG.

UΓEE ATTACHed INMATE APPEAl (602)

b.  Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other <u>authorities</u> that you think are relevant to your claim. If necessary, attach an extra page.)*

C.C.R.15, 3315 (d).   DePARTMENT oF oPeRATioNS MANuAl (D.O.M) 54100.18.2 C.C.R.15, 3320 (a).  C.C.R. 3320 (c), C.C.R.15, 3321 (b) (1), (2) & (3).  C.C.R. 3321 (B). C.C.R. 15, 3315 (d) (1) (A) (2).



Ground 2 or Ground _____ *(if applicable):*

Correctional officer wrote false reports which denied me a fair; Impartial Hearing.

a. Supporting facts:

The officers that searched my cell wrote their reports as if they followed Institution and Department procedures. They did not. Once I was denied my witnesses I was forced to try to get the officers to admit that they contaminated the crime scene by placing all contraband that was found in the 5 cells searched in one envelope. By not taking pictures of the contraband where it was originally found. The officers fabricated their answers to the questions me; my cellmate had the investigative employee ask them. They contradicted their own reports and failed to answer questions that would have exposed the falsity of the reports.

See Attached Inmate Appeal (602)

b. Supporting cases, rules, or other authority:

*63483 West's Ann. Cal. Penal Code §118.1 "Peace officer; false report."

*63509 West's Ann. Cal. Penal Code §125 "Unqualified statement of that not known to be true"

⑨

3. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☐ No.  If yes, give the following information:

    a.  .Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):  *N/A*

    b.  Result _____  c.  Date of decision: _____

    d.  Case number or citation of opinion, if known: _____

    e.  Issues raised:  (1) _____

         (2) _____  *N/A*

         (3) _____

    f.  Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court? ☐ Yes ☐ No.  If yes, give the following information:

    a.  Result _____  b.  Date of decision: _____

    c.  Case number or citation of opinion, if known: _____

    d.  Issues raised:  (1) _____

         (2) _____  *N/A*

         (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____  *N/A*

_____

11. Administrative Review:

    a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

        *I filed an inmate appeal and exhausted the appeal all the way through the Directors level. I asked that the Rules Violation Report 115 be dismissed.*

    b.  Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.
        *Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. July 1, 2005]    PETITION FOR WRIT OF HABEAS CORPUS    Page five of six

10.

2. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

3. a. (1) Name of court: _____

   (2) Nature of proceeding (for example, "habeas corpus petition"): _____

   (3) Issues raised: (a) _____

       (b) _____

   (4) Result *(Attach order or explain why unavailable)*: _____

   (5) Date of decision: _____

   b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

       (b) _____

   (4) Result *(Attach order or explain why unavailable)*: _____

   (5) Date of decision: _____

   c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

4. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

   _N/A_

5. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

   _N/A_

6. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

   _____

7. Do you have any petition, appeal, or other matter pending in any court? ☒ Yes. ☐ No. If yes, explain:

   _I HAVE A U.S.C. 1983 Civil RiGHTS Complaint C-05-539B CRB (PR) AND C-07-1244 CRB (PR)_

8. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   _N/A_

   _____

the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to hose matters, I believe them to be true.

Date: _4-25-07_                                ▶ _Willie Harney_
                                                   (SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]          PETITION FOR WRIT OF HABEAS CORPUS                    Page six of six



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:  **APR 0 4 2007**

In re:    Harvey, H-28106
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0608282          Local Log No.: SVSP 06-03448

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #S06-03-0033R, dated June 14, 2005, for Possession of a Deadly Weapon/Possession of Controlled Substance. It is the appellant's position that his due process rights were violated in that he did not receive a copy of the note, used as probable cause for the cell searches upon which the contraband was discovered and the institution disregarded the Classification Staff Representative's (CSR) deferral order. He requests that the RVR be dismissed.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant was not afforded due process as a time constraint violation occurred in the issuance of the initial copy of the RVR. The issue regarding the identity of the witnesses requested by the appellant was addressed in the Second Level of Review (SLR). The appellant was unable to provide proper identification for the witnesses he requested. The appellant was provided a CDC Form 1030, Confidential Information Disclosure Form, dated June 2, 2006, to safely disclose the information included in the anonymous note to staff. The finding of guilt was based on the written report and the preponderance of evidence presented to the Senior Hearing Officer (SHO) during the hearing.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. There is no evidence that supports the appellant's contentions that the evidence presented at the hearing does not support the charge or the guilty finding. The appellant provided no additional evidence to mitigate or warrant a different finding by the SHO.

The appellant was issued a CDC Form 1030 that included as much information as possible to afford him with the reason his cell was searched even though departmental policy allows for unannounced searches in order to ensure institutional safety and security or when there is substantial reason to believe contraband is present. Therefore, the appellant's argument that the RVR should be dismissed because the CSR's wishes were not carried out is, rejected at the DLR. The CSR's directions in the CDC Form 128-G, Classification Chrono, dated January 4, 2006, are duly noted. However, the institution could not evaluate the credibility of the information included in the anonymous note unless they acted upon it, which they did. The information proved to be reliable as a deadly weapon was located under the appellant's mattress, and another weapon was discovered along with heroin and tobacco on the lower bunk. This search fixed responsibility for the contraband upon the appellant and his cell partner. The institution is required by law to enforce departmental policies. In this matter the institution has fulfilled their lawful duty pursuant to the California Code of Regulations, Title 15 (CCR), Section 3287. The CCR 3287(a)(1) requires that "Occupied cells, rooms and dormitory areas, including fixtures and lockers, and any personal and state-issued property of the occupant will be inspected on an infrequent and unscheduled basis. More frequent inspections will be conducted in specialized housing units, depending upon the security requirements of the unit and the risk an individual inmate presents to that security." (2) "Cell and property inspections are necessary in order to detect and control serious

HARVEY, H-28106
CASE NO. 0608282
PAGE 2

contraband and to maintain institution security. Such inspections will not be used as a punitive measure nor to harass an inmate. Every reasonable precaution will be taken to avoid damage to personal property and to leave the inmate's quarters and property in good order upon completion of the inspection." (3) "An inmate's presence is not required during routine inspections of living quarters and property when the inmate is not or would not otherwise be present. During special inspections or searches initiated because the inmate is suspected of having a specific item or items of contraband in his or her quarters or property, the inmate should be permitted to observe the search when it is reasonably possible and safe to do so." (4) "The inmate will be given a written notice for any item(s) of personal and authorized state-issued property removed from his or her quarters during an inspection and the disposition made of such property. The notice will also list any contraband picked up or any breach of security noted during the inspection, and the follow-up action intended by the inspecting officer."

"(b) An inmate is subject to an inspection of his or her person, either clothed or unclothed, when there is a substantial reason to believe the inmate may have unauthorized or dangerous items concealed on his or her person, or that he or she may have been involved in an altercation of any kind. Such inspections may also be a routine requirement for inmate movement into or out of high security risk areas. Random or spot-check inspections of inmates may also be authorized by the institution head to prevent possession and movement of unauthorized or dangerous items and substances into, out of, or within the institution. Visual daily inspections of inmates shall be made to ensure compliance with departmental grooming standards. All such inspections shall be conducted in a professional manner which avoids embarrassment or indignity to the inmate. Whenever possible, unclothed body inspections of inmates shall be conducted outside the view of others."

(1) "Correctional employees, other than qualified medical staff, shall not conduct unclothed body inspections of inmates of the opposite sex except under emergency conditions with life or death consequences."

The CCR 3287 5(c) states, "Inspections of inmate cell or living areas, property, work areas, and body shall be conducted on an unannounced, random basis as directed by the institution head. Such inspections shall be conducted no more frequently than necessary to control contraband, recover missing or stolen property, or maintain proper security of the institution." (d) "A written record shall be maintained of the disposition of contraband and stolen or missing property confiscated as the result of cell, property, or body inspections."

As unfortunate as the appellant perceives this RVR to be, he was afforded the opportunity to provide an adequate defense to which he did not. The circumstances of the specific act are simple and not complex; but he was assigned an Investigative Employee. The appellant failed to properly identify witnesses to have an impact on the totality of the evidence provided to the SHO during the hearing. The appeals examiner concurs with the institution's decision in this matter.

**B.    BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3287, 3315, 3320, 3321, 3323

**C.    ORDER:**  No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

(13)

DW/Medina

Location: Institution/Parole Region     Log No.                    Category

**IATE/PAROLEE**
**PEAL FORM**
2 (12/87)

1. SVSP d          1. 06-03448          1

2. _____    2. _____

ay appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification
ittee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff
er, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting
ents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken
ng the appeals procedure responsibly.

RVR                    S06-03-0033R

? HARVEY, Quillie | NUMBER H-28106 | ASSIGNMENT · · · · ' | UNIT/ROOM NUMBER D-9-111

scribe Problem: ON 11-8-06 I RECEIVED MY FINAL COPY TO RVR-S06-03-0033R. I AM APPEALING THIS
fine OF GUILT. FIRST, ALL (SUPPORTING DOCUMENTS) WILL BE NUMBERED. THROUGHOUT THIS APPEAL THEY
L BE REFERRED TO AS (S.D.) AND THEIR NUMBER WILL FOLLOW. THE ORIGINAL RVR WAS DEFERRED AND C.S.R.
mmended A RE-ISSUE/REHEARING, AND STATED IN PART "IF THIS INFORMATION WAS ANONYMOUS INFORMA-
: WHAT MADE IT CREDIBLE, THAT IT RESULTED IN A SIMULTANEOUS SEARCH OF FIVE CELLS, AND NEEDS TO BE
losed TO THE INMATE." (S.D.3) I WAS GIVEN A 1030 THAT AN ANONYMOUS NOTE WAS RECEIVED. I WAS
GIVEN A COPY OF THIS NOTE OR TOLD THE CREDIBILITY (S.D.4) ON 6-14-05 I.S.U. EXTRACTED ME FROM MY
WITHOUT FORCE AT 5:00A.M. I WAS THEN PLACED IN THE SHOWER WHILE I.S.U. WENT TO SEARCH MY CELL
SEE ATTACHMENT

need more space, attach one additional sheet.

tion Requested: I REQUEST THAT THIS 115 BE DISMISSED.

REC'D NOV 0 9 2006

e/Parolee Signature: Quillie Harvey          Date Submitted: 11-8-06

ORMAL LEVEL (Date Received: _____ )

response: _____

BYPASS

RECEIVED JAN 18 2007 APPEALS BRANCH

Signature: _____          Date Returned to Inmate: _____

RMAL LEVEL

are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and
t to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

BYPASS

ture: _____          Date Submitted: _____

Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
of Control form BC-1E, Inmate Claim

(14)

# ATTACHMENT

AND OTHER INMATES THAT THEY HAD PULLED OUT OF THEIR CELL. I WATCHED AS DIFFERENT OFFICERS WENT FROM CELL TO CELL. THERE WAS A BIG YELLOW ENVELOPE MARKED EVIDENCE SITTING ON THE TABLE. I WATCHED DIAZ PUT 4 UNBROKEN DOWN RAZORS FROM OUT OF MY CELL INTO IT. AN HOUR LATER GIBBS WAS PLACIN SOMETHING INSIDE THE ENVELOPE. DIAZ TOLD HIM THERES ALREADY SOMETHING IN THERE. HE STILL LEFT WHATEVER IT WAS THERE. ALL THE I.S.U. MEMBERS WERE PLACING STUFF IN THAT ENVELOPE. I.S.U. REPORTS WERE WRITTEN AS IF THESE SEARCHES WERE DONE PROFESSIONALLY. WHEN I TRIED TO GET THEM TO ADMIT THEY WERENT THEY LIED TO THE I.E. (S.D. 52;48) DIAZ SAYS ONLY TWO OFFICERS SEARCHED MY CELL. I PERSONALLY SEEN GIBBS; DE LOS SANTOS SEARCHING MY CELL. DE LOS SANTOS NEVER WROTE A REPORT ABOUT HER SEARCHES BUT (S.D. 47) SHOWS SHE WAS SEARCHING MY CELL TO. FURTHER (S.D. 29) SHOW SALAO WAS ALSO SEARCHING MY CELL. THE PICTURES CLEARLY SHOW THAT THE CONTRABAND WAS NOT PHOTOGRAPHED IN THEIR ORIGINAL POSITION. DIAZ FURTHER LIES WHEN QUESTIONED ON (S.D. 47) HE ACTS AS IF HE KNOWS NOTHING ABOUT THE DAY ROOM INCIDENT WHEN (S.D. 46) CLEARY SHOWS HE DID. THE S.H.O. CLAIMS THAT THIS WAS SENT TO THE D.A. WHEN (S.D. 52) SHOWS IT WASNT. IF I WOULD HAVE GOTTEN A TIMELY HEARING MY WITNESSES WOULD OF STILL BEEN IN C-6 105 AND WOULD HAVE TOLD THE I.E EXACTLY WHAT HAPPEN DURING THEM SEARCHES AND THAT THE ONLY THING THAT CAME OUT OF MY CELL WERE RAZORS THAT ME AND MY CELLIE USED TO SHAVE OUR HEADS. I.S.U. ASSESSMENT OF WHAT THEY FOUND AND HOW IT WAS FOUND AND HOW THE SEARCHES WERE DONE CLEARLY HAS BEEN MISSTATED THEREFORE THE IIS AND REPORTS ARE NOT CREDIBLE. SO MUCH TIME LAPSE THAT MY WITNESS TRANSFERED DENYING ME A FAIR; IMPARTIAL HEARING. D.O.M. 54100, 18.2 THE S.H.O. SAID BECAUSE I DIDNOT PROVIDE CDC NUMBERS IT DID NOT MATTER. C.C.R. 15. 3315 (d) AN I.E. SHALL BE ASSIGNED WHEN "THE HOUSING STATUS, MAKES IT UNLIKELY THE CHARGED INMATE CAN COLLECT AND PRESENT THE EVIDENCE NECESSARY FOR AN ADEQUATE PRESENTATION OF A DEFENSE." IT WAS NOT MY FAULT THAT CSR RECOMMENDATION WAS ON 1-4-06 AND C. NOLL WAITED TO FOLLOW IT UNTIL 3-6-06 (S.D.3; 45), THATS WHAT PREVENTED THE I.E. FROM BEING ABLE TO QUESTION THE WITNESSES. WITH ALL OF THE ABOVE MENTIONED AND C.S.R'S RECOMMENDATION STILL NOT BEING CARRIED OUT THERE WAS NO PREPONDERENCE OF EVIDENCE TO FIND ME GUILTY.

*Ovillie Harney*

(15)

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:  December 12, 2006

To:    Inmate Harvey, H-28106, C2-131
       Salinas Valley State Prison

Subject:  **SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-06-03448**

### ISSUE:

The appellant is submitting this appeal relative to a Reissue/Rehear CDC Form 115, Rules Violation Report (RVR), Log # S06-03-0033R, dated 3/3/06 for "Possession of a Deadly Weapon/Possession of a Controlled Substance."

The appellant insinuates misconduct by the Investigative Services Unit staff who conducted the cell search. The appellant states the Investigative Employee report is insufficient due to the length of time associated with the Reissue/Rehear.

The appellant requests the Rules Violation Report (RVR) be dismissed.

### SUMMARY OF INVESTIGATION:

The First Level of Review was bypassed per CCR 3084.5(b). Eloy Medina, Appeals Coordinator, was assigned to investigate this appeal at the Second Level of Review. The appellant was interviewed on December 20, 2006 by Eloy Medina.

In accordance with the CCR §3084.5 (h) Disciplinary Appeals; the RVR and supporting documentation is reviewed for procedural or due process requirements. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

The discovery date of the RVR was 3/3/06. Appellant received his copy of the RVR on 3/22/06, which was not within fifteen (15) days of the discovery.

The RVR was referred to the Monterey County District Attorney's (DA) office for possible prosecution. Prosecution was declined on 8/18/05.

The RVR reflects that the appellant attended the disciplinary hearing held on 10/19/06 and pled "not guilty" to the charge.

A Staff Assistant was not assigned, pursuant to CCR §3315(d)(2).  

Appellant was not a participant in the Mental Health Services Delivery System (MHSDS).

An Investigative Employee (I.E.) was assigned; Correctional Officer C. Reyes.

The SHO determined a guilty finding, and assessed zero (0) days credit loss forfeiture due to lost time constraints.

The appellant states he was not afforded all requested witnesses.

The appellant requested two witnesses during the IE but did not provide their CDC numbers nor their current housing location. The appellant had almost a year to obtain the CDC numbers and locations of the requested witnesses and should have been able to provide the necessary information to locate the appellant's requested witnesses. The appellant neglected to obtain this information. Due to the large number of inmates housed in CDC with the same last names, locating the requested witnesses with insufficient information was not possible.

The appellant states he should have been provided a copy of the note that prompted the cell search.

Providing a copy of the note could jeopardize the unknown inmate author of the note because the appellant could attempt to identify the writing style of the unknown inmate author and therefore identify the confidential informant. This would place a great risk to the confidential informant and hinder staff's ability to continue to receive confidential information.

The appellant states ISU officer reports conflict and staff other than the listed searching officers entered the cell.

Because the statements are not word-for-word, the appellant states the officer's reports conflict. The officer's statements are consistent with the photographs and the reports.

The appellant's insinuations that there was staff misconduct were already investigated by the Office of Internal Affairs. The results of that investigation will not be shared with the appellant (SVSP Appeal Log #SVSP-05-04355 filed by the appellant's former cellmate).

The appellant states that too much time elapsed between the event and the RVR hearing. However, it is noted that the appellant was provided an Investigative Employee and presented a defense to the charges during the hearing. The purpose of the Reissue/Rehear was to preserve the due process rights of the appellant.

13

The only hindrance identified by the appellant due to the time lapse was the ability to have witnesses interviewed. But, as stated above, the appellant did not provide identifying information on his requested witnesses even though the appellant has sufficient time to acquire the information.

A review of the RVR and attachments indicate that there was a preponderance of evidence to determine a finding of guilt and no due process or procedural errors occurred other than time constraints were not met. However, not meeting the time constraints placed no jeopardy on the appellant because there was no credit forfeiture.

In conclusion, this RVR was adjudicated within the parameters of the California Code of Regulations, Title 15.

**DECISION**:  The appeal is DENIED.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.


G. NEOTTI
Chief Deputy Warden (A)
Salinas Valley State Prison

(18)

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

Salinas Valley State Prison          Facility 'C'

INMATE'S NAME
**Harvey**

CDC NUMBER H-28106

## REASON(S) FOR PLACEMENT *(PART A)*

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY      [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:    You, Inmate Harvey, H-28106, are being placed in Administrative Segregation for possession of a weapon and narcotics .  On 06-14-05, I.S.U. conducted a cell search in C6-103 and discovered a deadly weapon and narcotics.  As a result, you are deemed a threat to the safety and security of this institution, its' staff and inmates.  You will be placed in Ad-Seg pending review for appropriate housing needs.  As a result of this placement, your credit earning, custody, and visiting status are subject to change.  Inmate Harvey is not a participant in the Mental Health Services Delivery System at any level of care.  Placement ordered by Lieutenant G. Jordan.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)    [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:        /    /

| DATE OF ASU PLACEMENT 6/14/05 | SEGREGATION AUTHORITY'S PRINTED NAME G. Jordan | SIGNATURE | TITLE Lieutenant |
|---|---|---|---|
| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFFS TITLE |

[ ] INMATE REFUSED TO SIGN      INMATE SIGNATURE      CDC NUMBER

## ADMINISTRATIVE REVIEW *(PART B)*
*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEES NAME | TITLE |

**IS THIS INMATE:**

| | | | | | | |
|---|---|---|---|---|---|---|
| LITERATE? | [ ] YES | [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | | [ ] YES | [ ] NO |
| FLUENT IN ENGLISH? | [ ] YES | [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | | [ ] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [ ] YES | [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | | [ ] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [ ] YES | [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | | [ ] YES | |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | | | | | |

Any "NO" requires SA assignment

[ ] NOT ASSIGNED

Any "NO" may require IE assignment

[ ] NOT ASSIGNED

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE      INMATE SIGNATURE      DATE

## WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY_____    [ ] RETAIN PENDING ICC REVIEW   [ ] DOUBLE CELL   [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information.

STATE OF CALIFORNIA
**ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE**
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

| DISTRIBUTION: | |
|---|---|
| WHITE - CENTRAL FILE | CANARY - WARDEN |
| BLUE - INMATE (2ND COPY) | PINK - HEALTH CARE MGR |
| GREEN - ASU | GOLDENROD - INMATE (1ST COPY) |

Salinas Valley State Prison          Facility 'C'

| INMATE'S NAME | CDC NUMBER |
|---|---|
| Harvey | H-28106 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

[X] ENDANGERS INSTITUTION SECURITY     [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:     You, Inmate Harvey, H-28106, are being placed in Administrative Segregation for possession of a weapon and narcotics . On 06-14-05, I.S.U. conducted a cell search in C6-103 and discovered a deadly weapon and narcotics. As a result, you are deemed a threat to the safety and security of this institution, its' staff and inmates. You will be placed in Ad-Seg pending review for appropriate housing needs. As a result of this placement, your credit earning, custody, and visiting status are subject to change. Inmate Harvey is not a participant in the Mental Health Services Delivery System at any level of care. Placement ordered by Lieutenant G. Jordan.

[ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL)     [ ] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:    /  /

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 6/14/05 | G. Jordan | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 6/14/05 | 1423 | M. Santillan | | C/O |

[ ] INMATE REFUSED TO SIGN     INMATE SIGNATURE _Phillip Harvey_     CDC NUMBER H-28106

## ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

### IS THIS INMATE:

| | | |
|---|---|---|
| LITERATE? | [X] YES [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY  [X] YES [ ] NO |
| FLUENT IN ENGLISH? | [X] YES [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE  [ ] YES [X] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS  [X] YES [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED  [ ] YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | |

[X] NOT ASSIGNED     Any "NO" requires SA assignment          [ ] NOT ASSIGNED     Any "NO" may require IE assignment

### INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER     [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE     INMATE SIGNATURE X _Refuse_     DATE 6/15/05

### WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| N/A | | | |
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY _____  [X] RETAIN PENDING ICC REVIEW  [X] DOUBLE CELL  [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

THREAT TO SELF OR OTHERS

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| P. Noya | CAPT | 6/15/05 | 1655 | |
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

State of California                                          Department of Corrections (3)
                                                                            CDC 128-G

No. H-28106                        NAME:  HARVEY, Q

*Comment*:    **DEFERRED.**
**90 day ASU extension from this date approved to complete casework as described herein.**
During the IE fact finding, it became apparent that Lt. G. Jordan initiated the searches as a direct result of
information received. If this information was confidential then the inmate has a right to a form 1030
(disclosure). If this was anonymous information, what made it credible, that it resulted in a simultaneous search
of five cells, and needs to be disclosed to the inmates.
**Please refer case to the CDO. CSR recommends that the CDC 115 be reissued/reheard. Return to CSR
no later than 4/4/2006 with status update.**

                                    D Oftedahl, CSR

**Date: 1/4/2006**               **Classification - CSR ACTION**                **SVSP**

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

# CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _____ H-28106 _____    INMATE NAME: _____ HARVEY _____

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ 5/14/05 _____ submitted by

_____ A. Diaz, Correctional Officer _____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☒ Other (EXPLAIN) _____ ANONYMOUS NOTE _____

3) Disclosure of information received.

The information received indicated the following: ANONYMOUS NOTE RECEIVED THROUGH

INSTITUIONAL MAIL ON 6/13/05, STATING THAT A SEARCH OF SEVERAL CELLS ON

FACILITY "C" WOULD PRODUCE WEAPONS AND DRUGS.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). ANONYMOUS NOTE

_____                    6/2/06
STAFF SIGNATURE, TITLE                    DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; YELLOW – Inmate; PINK — Institution Use

22.

STATE OF CALIFORNIA
# CRIME / INCIDENT REPORT
## PART A - COVER SHEET
CDC 837-A (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

| PAGE 1 OF __4__ | INCIDENT LOG NUMBER SVSP-CEN-05-06-0365 | INCIDENT DATE 06/14/05 | INCIDENT TIME 05:13 |
| --- | --- | --- | --- |

| INSTITUTION SVSP | FACILITY C | FACILITY LEVEL ☐ I ☐ II ☐ III ☒ IV | INCIDENT SITE H.U.6&* | LOCATION C6-102,103,113 C8-211 | ☐ ASU ☐ SHU ☐ PSU ☐ PHU<br>☐ SNY ☒ GP ☐ CTC ☐ RC<br>SEG. YARD: ☐ CC ☐ WA ☐ RM | USE OF FORCE ☒ YES ☐ NO |

SPECIFIC CRIME / INCIDENT
Poss. of Wepon/Dist. Cont. Sub. within an Inst./Resisting Staff W/Force

☒ CCR ☐ PC ☐ N/A
NUMBER/SUBSECTION: 3005 (b),3006 (a), 3016 (c)

| D. A. REFERRAL ELIGIBLE ☒ YES ☐ NO | SERT ACTIVATED ☐ YES ☒ NO | NMT ACTIVATED ☐ YES ☒ NO | MUTUAL AID REQUEST ☐ YES ☒ NO | PIO/AA NOTIFIED ☒ YES ☐ NO |
| --- | --- | --- | --- | --- |

## RELATED INFORMATION (CHECK ALL THAT APPLY)

| DEATH | CAUSE OF DEATH | ASSAULT / BATTERY | TYPE OF ASSAULT / BATTERY | |
| --- | --- | --- | --- | --- |
| ☐ INMATE | ☐ ACCIDENTAL ☐ SUICIDE | ☐ ON INMATE | ☐ BEATING | ☐ SPEARING |
| ☐ STAFF | ☐ EXECUTION ☐ NATURAL | ☐ ON STAFF | ☐ GASSING | ☐ STABBING |
| ☐ VISITOR | ☐ HOMICIDE | ☐ ON VISITOR | ☐ POISONING | ☐ STRANGLING |
| ☐ OTHER: | ☐ OVERDOSE | ☐ OTHER: | ☐ SEXUAL | ☐ OTHER: _____ |
| | ☐ UNKNOWN | | ☐ SHOOTING | |
| ☒ N/A | ☒ N/A | ☒ N/A | ☐ SLASHING | ☒ N/A |

| SERIOUS INJURY | INMATE WEAPONS | SHOTS FIRED / TYPE WEAPON / FORCE | |
| --- | --- | --- | --- |
| ☐ INMATE | ☐ CHEMICAL SUBSTANCE   TYPE: | WEAPON:    WARNING #   EFFECT # | TYPE:    NO: |
| ☐ STAFF | ☐ CLUB / BLUDGEON   ☐ COMMERCIAL WEAPON | ☐ MINI 14 | BATON ROUND: |
| ☐ VISITOR | ☐ EXPLOSIVE | ☐ 38 CAL | ☐ WOOD |
| ☐ OTHER: | ☐ FIREARM   ☒ INMATE MANUFACTURED | ☐ 9MM | ☐ RUBBER |
| | ☐ HANDS / FEET   WEAPON | ☐ SHOTGUN | ☐ FOAM |
| ☒ N/A | ☐ KNIFE | LAUNCHER: | STINGER: |
| | ☐ SAP/SLUNG SHOT | ☐ 37MM | ☐ .32 (A) |
| ESCAPES | ☐ PROJECTILE | ☐ L8 | ☐ .60 (B) |
| | ☐ SPEAR | ☐ 40MM | EXACTIMPACT |
| ☐ W / FORCE | ☐ SLASHING INSTRUMENT | ☐ 40MM MULTI | ☐ CTS 4557 |
| ☐ W/O FORCE | ☐ STABBING INSTRUMENT | ☐ HFWRS | ☐ XM 1006 |
| ☐ ATTEMPTED | ☐ OTHER: _____ | FORCE: | CHEMICAL: |
| | ☐ BODILY FLUID ☐ OTHER FLUID: _____ | ☐ SIDE-HANDLE BATON | ☒ OC |
| ☒ N/A | ☐ UNKNOWN LIQUID | ☒ PHYSICAL FORCE | ☐ CN   MK 9 |
| | ☐ N/A | ☐ X10 | ☐ CS |
| | | ☐ OTHER: _____   ☐ N/A | |

| CONTROLLED SUBSTANCE / WEIGHT | PROGRAM STATUS | EXCEPTIONAL ACTIVITY | |
| --- | --- | --- | --- |
| ☐ POSITIVE UA   ☐ CONTROLLED MEDS | ☐ MODIFIED PROGRAM | ☐ EMPLOYEE JOB ACTION | ☐ WEATHER |
| ☐ WITH PACKAGING   ☐ WITHOUT PACKAGING | ☐ LOCKDOWN | ☐ ENVIRONMENTAL HAZARD | ☐ SEARCH WARRANT |
| PRELIMINARY   LAB | ☐ STATE OF EMERGENCY | ☐ EXPLOSION | ☐ ARREST |
| ☐ AMPHETAMINE _____ | | ☐ FIRE | ☐ OTHER: |
| ☐ BARBITURATES _____ | IF YES, LIST AFFECTED | ☐ GANG/DISRUPTIVE GROUP | |
| ☐ COCAINE _____ | PROGRAMS: | ☐ HOSTAGE | |
| ☐ CODEINE _____ | | ☐ INMATE STRIKE | EXTRACTION: |
| ☒ HEROIN   .37 grams | | ☐ MAJOR DISTURBANCE | ☐ CONTROLLED |
| ☐ MARIJUANA/THC _____ | | ☐ MAJOR POWER OUTAGE | ☐ IMMEDIATE |
| ☐ METHAMPHETAMINE _____ | | ☐ NATURAL DISASTER | |
| ☐ MORPHINE _____ | | ☐ PUBLIC DEMONSTRATION | |
| ☐ OTHER: _____ | ☒ N/A | ☐ SPECIAL INTEREST I/M | ☒ N/A |
| ☐ N/A | | | |

BRIEF DESCRIPTION OF INCIDENT (ONE OR TWO SENTENCES):
On June 14, 2005 at approximately 0513 hours the Investigative Service Unit (ISU) conducted a series of cell searches on Facility C. Housing Unit (H. U.) 6, cell's 102, 103, 113 and H. U. 8, cell 211. During the search multiple Inmate Manufactured Weapons were discovered and .37 grams of suspected narcotics (Heroin) .

COMPLETE SYNOPSIS / SUMMARY ON PART A1

| NAME OF REPORTING STAFF (PRINT/TYPE) . L. Martinez | TITLE Lieutenant | ID # ▓▓▓ | BADGE # ▓▓▓ |
| --- | --- | --- | --- |
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) ▓▓▓ | DATE 06/14/05 |
| NAME OF WARDEN / AOD (PRINT/SIGN) . Travers | | TITLE Correctional Administrator | DATE 6/15/05 |

STATE OF CALIFORNIA.                                                            DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART A1 - SUPPLEMENT
CDC 837-A1 (09/03)

| | | PAGE __2__ OF __4__ | INCIDENT LOG NUMBER |
|---|---|---|---|
| | | | SVSP-CEN-05-06-0365 |

| INSTITUTION | FACILITY | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|
| SVSP | C | 06/14/05 | 05:13 |

TYPE OF INFORMATION:
[X] SYNOPSIS/SUMMARY OF INCIDENT   [ ] SUPPLEMENTAL INFORMATION   [ ] AMENDED INFORMATION   [ ] CLOSURE REPORT

NARRATIVE:

On June 14, 2005 at approximately 0513 hour IGI Lieutenant R. L. Martinez, Sergeant S. Hatton, D. Fragoso S & I #3, R. Salao S & I # 5, M. Valdez S & I # 1, A. Diaz S & I #8 , E. Parson S & I # 10, E. Perez S & I # 7, J. Jackson S & I #4 and B. De La Santos S & I # 11 conducted cell searches on Facility C, H. U. 6 cells 102, 103, 113 and H. U. 8, cell 211 simultaneously.

As the ISU Team approached cell 102 occupied by Inmates Woods, D-30424, C6-102L and Frye, T-05458, C6-102U and cell 103 occupied by Inmates Knight, C-67508, C6-103L and Harvey, H-28106, C6-103U, H. U. 6 Control Booth Officer L. Millare was instructed to simultaneously open both cells. All inmates complied to staff orders and were removed from their cell without incident and placed into B-Section Showers. The ISU Team proceeded to cell 113.

Upon arrival to cell 113 occupied by Inmates Williams, D-05864, C6-113L and Brown, J-75188, C6-113U, Officer Gibbs requested Millare to open the cell. Gibbs observed Inmate Williams standing in the center of the cell and Inmate Brown laying on the upper bunk. Gibbs gave Williams several orders to prone out with negative results. Officer Fragoso gave several orders to Inmate Brown to remain on the upper bunk, with negative results. Fragoso observed Brown turn to the left in a quick motion and reach for an unknown object. Simultaneously Williams was observed by Gibbs, Perez and Jackson reaching for an unknown object from the lower bunk and running to the toilet; tossing the unknown object in the toilet and flushing it . Officer's Fragoso, Gibbs, Jackson and Perez concurrently utilized their O. C. Pepper Spray in attempt to preserve evidence and to gain compliance. Inmate Williams and Brown were Peppered Sprayed in their upper torso and facial area, with negative results. Sergeant Hatton reached into the cell and grabbed Williams by the left shoulder and pulled him out of the cell. Officer Jackson grabbed Williams by both shoulder and forced him to the ground. At this time Gibbs placed Williams in handcuffs and escorted him to the lower B-Section shower for decontamination. Inmate Brown was ordered by Fragoso to submit to being placed in handcuff, which Brown complied. Fragoso escorted Brown to the upper tier B-Section shower for decontamination. The ISU Team proceeded to H. U. 8, cell 211.

As the ISU Team approached cell 211 occupied by Inmates Reese, J-02950, C8-211L and Hunter, J-06098, C8-211U, , H. U. 8 Control Booth Officer was instructed to open the cell. Both inmates complied to staff orders and were removed from their cell without incident and placed into B-Section Showers. While inmate Reese was being searched Officer Valdez observed Reese with an object in his mouth. Valdez ordered Reese to remove the object, which he complied. The object was discovered to be a wooden pipe utilized to smoke Marijuana. All inmates were escorted to the Facility C Medical Annex and had an medical evaluation (7219). The cell was subsequently searched by Officer Valdez and Perez, with negative results.

A subsequent cell search was conducted in cell H. U. 6, cell 102 by Officer's B. Gibbs and De La Santos. Officer Gibbs discovered a black tar substance secreted in a plastic baggy located on the top of the lower right side shelf. Furthermore Gibbs discovered Inmate Manufactured Alcohol in a five gallon bucket under the desk in the cell. Gibbs photographed and processed the evidence. Gibbs performed The Department of Justice Presumptive Drug Test on the black tar substance, which proved positive for Heroin and weighed .06 grams.

An Additional cell search was conducted in cell H. U. 6, cell 103 by Officer's A. Diaz and T. Parsons. Officer Diaz discovered a Inmate Manufactured weapon on the upper bunk under the mattress. The weapon was constructed metal and measured approximately five inches in length and half inch in width and sharpened to a point. Furthermore Diaz discovered an additional Inmate Manufactured Weapon on the right corner lower bunk . The weapon was constructed of folded metal and measured three and a quarter inches in length and three quarter inches in width and sharpened to a point. Furthermore Diaz discovered suspected Heroin wrapped in two separate bindles secreted in a rubber glove that was in a hat on the lower bunk.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| L. Martinez | Lieutenant | ███ | ███ |

| SIGNATURE OF REPORTING STAFF | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|
| *[signature]* Lt (4) | ███ | 06/14/05 |

| NAME OF WARDEN / AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| Travers *[signature]* | AWCS | 6/15/05 |

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART A1 - SUPPLEMENT
CDC 837-A1 (09/03)

| PAGE 3 OF 4 | INCIDENT LOG NUMBER |
|---|---|
| | SVSP-CEN-05-06-0365 |

| INSTITUTION | FACILITY | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|
| SVSP | C | 06/14/05 | 05:13 |

TYPE OF INFORMATION:

☒ SYNOPSIS/SUMMARY OF INCIDENT    ☐ SUPPLEMENTAL INFORMATION    ☐ AMENDED INFORMATION    ☐ CLOSURE REPORT

NARRATIVE:

Diaz photographed and processed the evidence. Diaz performed The Department of Justice Presumptive Drug Test on the black tar substance, which proved positive for Heroin and weighed .17 grams and .14 grams.

Officer Fragoso and Salao were assigned to search cell 113. During the course of the cell search Fragoso discovered two razor blades approximately one and a half inches in length secreted in a nail clippers which was located on the desk area of the cell. Furthermore Fragoso discovered an Inmate Manufactured Weapon hidden in a television which was located on the top shelf. The weapon was constructed from round metal stock (tube) and measured six and a half inches in length and a quarter inch in width and sharpened to a point at one end. Fragoso photographed the evidence and processed the weapon into evidence. All inmates were re-housed without further incident.

SUSPECTS: Woods, D-30428, Frye, T-05458, Knight, C-67508, Harvey, H-28106, Williams, D-05864, Brown, J-75188, Reese J-02950, Hunter, J-06098

VICTIM: N/A

ESCORTS: R. Salao, M. Valdez, E. Perez, B. Gibbs, J. Jackson, D. Fragoso, E. Parsons, A. Diaz.

USE OF FORCE: O. C. Pepper Spray (MK9), Physical Force by Officer Jackson

CRIME SCENE/EVIDENCE: Multiple Digital photographs, Inmate Manufactured Weapons, and the controlled substance were placed in the Investigative Service Unit Evidence Lockers: June 2005 Film Locker, 06A, and 51 respectfully.

MEDICAL/MENTAL HEALTH: Woods: Clear, FRYE: Clear, Knight: CCCMS, Harvey: Clear, Williams: Clear, Brown: Clear, Reese: Clear, Hunter: Clear

EVALUATIONS/TREATMENT: LVN, N. Santos Conducted a medical examination/evaluations (7219) on Inmate Woods, noting no injuries. MTA, E. Pulido performed an CDC 7219 on Frye, noting no injuries. LVN, N. Santos Conducted a 7219 on Inmate Knight noting no injuries. RN, N. Moore Conducted a 7219 on Inmate Harvery noting no injuries. MTA, E. Pulido performed an CDC 7219 on Williams, noting OC Exposure. MTA, E. Pulido performed an CDC 7219 on Brown, noting OC Exposure. MTA, E. Pulido performed an CDC 7219 on Reese, noting no injuries. MTA, E. Pulido performed an CDC 7219 on Hunter, noting no injuries.

CONCLUSION: There was no damage to state property, nor were there any staff injuries. Inmate Woods will be issued a Rules Violation report (CDC 115) for the violation of California Code Of Regulations 3016(c), specifically, Distribution of a Controlled Substance within an institution . Inmate Frye will be issued a CDC 115 for the violation of California Code Of Regulations 3016(c), specifically, Distribution of a Controlled Substance within an institution. Inmate Knight will be issued a CDC 115 for the violation of California Code Of Regulations 3006(a), specifically, Possession of Inmate Manufactured Weapon. Inmate Harvey will be issued a CDC 115 for the violation of California Code Of Regulations 3006(a), specifically, Possession of Inmate Manufactured Weapon. Inmate Williams will be issued a CDC 115 for the violation of California Code Of Regulations 3006(a), specifically, Possession of Inmate Manufactured Weapon. Inmate Brown will be issued a CDC 115 for the violation of California Code Of Regulations 3006(a), specifically, Possession of Inmate Manufactured Weapon. Inmate Reese will be issued a CDC 115 for the violation of California Code Of Regulations 3016 (b), specifically, Possession of Drug araphernalia.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE) | TITLE | ID # | BADGE # |
|---|---|---|---|
| R. L. MARTINEZ | LIEUTENANT | ▓▓▓ | ▓▓▓ |

| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) | DATE |
|---|---|---|---|
| A.D. G.S Lt B | | ▓▓▓ | 06/14/05 |

| NAME OF WARDEN/AOD (PRINT/SIGN) | TITLE | DATE |
|---|---|---|
| D. Travers | Correctional Administrator | 4/15/05 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**CRIME / INCIDENT REPORT**
**PART A1 - SUPPLEMENT**
CDC 837-A1 (09/03)

| | | | | |
|---|---|---|---|---|
| PAGE __4__ OF __4__ | | INCIDENT LOG NUMBER SVSP-CEN-05-06-0365 | | |
| INSTITUTION  SVSP | FACILITY  C | | DATE OF INCIDENT  06/14/05 | TIME OF INCIDENT  05:13 |

TYPE OF INFORMATION:

[X] SYNOPSIS/SUMMARY OF INCIDENT   [ ] SUPPLEMENTAL INFORMATION   [ ] AMENDED INFORMATION   [ ] CLOSURE REPORT

NARRATIVE:

NOTIFICATIONS:  This incident will be referred to the Monterey County District Attorney's officer for possible felony prosecution.  All appropriate Administrative Staff were notified of this incident.  You will be apprised of any further developments in this matter via supplemental reports.

| CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL A1

| NAME OF REPORTING STAFF (PRINT/TYPE)  . L. Martinez | TITLE  Lieutenant | ID #  286868 | BADGE # ▮▮▮▮ |
|---|---|---|---|
| SIGNATURE OF REPORTING STAFF | | PHONE EXT. (INCIDENT SITE) | DATE  06/14/05 |
| NAME OF WARDEN / AOD (PRINT/SIGN)  . Travers | | TITLE  AWCS | DATE  6/15/05 |

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART B1 - INMATE
CDC-837-B1 (09/03)

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __2__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SVSP | C | SVP-CEN-05-06-0365 |

### INMATE (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| WOODS | BARRY | | D30424 | M | BLA | ▮ | ▮ |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | 367 | ☒ YES ☐ NO | 01 / 08 / 91 | | | ☐ YES ☒ NO | 02 / 28 / 65 | C6 102 |
| ☒ SUSPECT | | | | | | | | |
| ☐ WITNESS | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☒ N/A | ☐ DMH | COMMITMENT OFFENSE | | COUNTY OF COMMITMENT SACRAMENTO | |

DESCRIPTION OF INJURIES:

☒ N/A

PRISON GANG / DISRUPTIVE GROUP
☐ VALIDATED ☒ ASSOCIATED ☐ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: _____ | | ☒ N/A | ☒ N/A |

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| FRYE | KARLOS | | T 05458 | M | BLA | 799616XA1 | A09558153 |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | 85 | ☐ YES ☒ NO | 01 / 30 / 01 | | | ☐ YES ☒ NO | 05 / 22 / 76 | C6 102 |
| ☐ SUSPECT | | | | | | | | |
| ☐ WITNESS | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☒ N/A | ☐ DMH | COMMITMENT OFFENSE | | COUNTY OF COMMITMENT SACRAMENTO | |

DESCRIPTION OF INJURIES:

☒ N/A

PRISON GANG / DISRUPTIVE GROUP
☐ VALIDATED ☒ ASSOCIATED ☐ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: _____ | | ☒ N/A | ☒ N/A |

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| NIGHT | CLARENCE | | C 07508 | M | BLA | | ▮ |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | 211 | ☐ YES ☒ NO | 8 / 8 / 79 | | | ☐ YES ☒ NO | 04 / 16 / 60 | C6 103 |
| ☐ SUSPECT | | | | | | | | |
| ☐ WITNESS | ☒ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☐ N/A | ☐ DMH | COMMITMENT OFFENSE | | COUNTY OF COMMITMENT | |

DESCRIPTION OF INJURIES:

☐ N/A

PRISON GANG / DISRUPTIVE GROUP
☐ VALIDATED ☐ ASSOCIATED ☒ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: _____ | | ☒ N/A | ☒ N/A |

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| HARVEY | QUILLIE | | H 28106 | M | BLA | 944715CB2 | A09763681 |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM | 130 | ☐ YES ☒ NO | 4 / / 92 | / / | | ☐ YES ☒ NO | 9 / 18 / 73 | |
| ☐ SUSPECT | | | | | | | | |
| ☐ WITNESS | ☐ CCCMS ☐ MHCB | ☐ EOP ☐ DDP | ☐ DPP ☒ N/A | ☐ DMH | COMMITMENT OFFENSE | | COUNTY OF COMMITMENT | |

DESCRIPTION OF INJURIES:

N/A

PRISON GANG / DISRUPTIVE GROUP
☐ VALIDATED ☒ ASSOCIATED ☐ N/A

| HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| DECEASED DATE: _____ | | ☐ N/A | ☒ N/A |

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART B1 - INMATE**
CDC 837-B1 (09/03)

DEPARTMENT OF CORRECTIONS

PAGE __2__ OF __2__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| Salinas Valley State Prison | C | SVP-CEN-05-06-0365 |

## INMATE (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| WILLIAMS | Henry | L. | D05864 | M | BLK | ▓▓▓ | ▓▓▓ |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM<br>☒ SUSPECT<br>☐ WITNESS | 57 | ☐ YES<br>☒ NO | 05 / 08 / 85 | | | ☐ YES<br>☒ NO | 08 / 03 / 64 | C6-113 |
| | ☐ CCCMS ☐ EOP ☐ DPP ☐ DMH<br>☐ MHCB ☐ DDP ☒ N/A | | | COMMITMENT OFFENSE | | | | COUNTY OF COMMITMENT |

DESCRIPTION OF INJURIES:

NONE

☐ N/A

PRISON GANG / DISRUPTIVE GROUP

☐ VALIDATED ☐ ASSOCIATED ☒ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT<br>☒ N/A | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: _____ | | ☒ N/A | |

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| BROWN | Ernest | D. | J75188 | M | BLK | ▓▓▓ | ▓▓▓ |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM<br>☒ SUSPECT<br>☐ WITNESS | 57 | ☐ YES<br>☒ NO | 09 / 01 / 04 | | | ☐ YES<br>☒ NO | 02 / 24 / 64 | C6-113 |
| | ☐ CCCMS ☐ EOP ☐ DPP ☐ DMH<br>☐ MHCB ☐ DDP ☒ N/A | | | COMMITMENT OFFENSE | | | | COUNTY OF COMMITMENT |

DESCRIPTION OF INJURIES:

NONE

☐ N/A

PRISON GANG / DISRUPTIVE GROUP

☐ VALIDATED ☐ ASSOCIATED ☒ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT<br>☒ N/A | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: _____ | | ☒ N/A | |

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| REESE | CALVIN | L. | D02950 | M | BLK | ▓▓▓ | ▓▓▓ |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM<br>☒ SUSPECT<br>☐ WITNESS | 166 | ☒ YES<br>☐ NO | 04 / 18 / 95 | | | ☐ YES<br>☒ NO | 10 / 31 / 68 | C8-211 |
| | ☐ CCCMS ☐ EOP ☐ DPP ☐ DMH<br>☐ MHCB ☐ DDP ☒ N/A | | | COMMITMENT OFFENSE | | | | COUNTY OF COMMITMENT<br>SACRAMENTO |

DESCRIPTION OF INJURIES:

NONE

☐ N/A

PRISON GANG / DISRUPTIVE GROUP

☐ VALIDATED ☐ ASSOCIATED ☒ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT<br>☒ N/A | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: _____ | | ☒ N/A | |

| NAME: LAST | FIRST | MI | CDC # | SEX | ETHNICITY | FBI # | CII # |
|---|---|---|---|---|---|---|---|
| UNTER | LIONEL | A. | J06098 | M | BLK | ▓▓▓ | ▓▓▓ |

| CHECK ONE | CLASS SCORE | PV RTC | DATE REC'D BY CDC | DATE REC'D BY INST | ANTICIPATED RELEASE DATE | EXTRACTION | DOB | HOUSING ASSIGN. |
|---|---|---|---|---|---|---|---|---|
| ☐ VICTIM<br>☒ SUSPECT<br>☐ WITNESS | 89 | ☒ YES<br>☐ NO | 09 / 20 / 96 | | | ☐ YES<br>☒ NO | 05 / 05 / 74 | C8-211 |
| | ☐ CCCMS ☐ EOP ☐ DPP ☐ DMH<br>☐ MHCB ☐ DDP ☒ N/A | | | COMMITMENT OFFENSE | | | | COUNTY OF COMMITMENT<br>KERN |

DESCRIPTION OF INJURIES:

NONE

☐ N/A

PRISON GANG / DISRUPTIVE GROUP

☐ VALIDATED ☐ ASSOCIATED ☐ N/A

| ☐ HOSPITALIZED | ☐ TREATED & RELEASED | ☐ REFUSED TREATMENT<br>☒ N/A | NAME/LOCATION OF HOSP./TREAT. FACILITY |
|---|---|---|---|
| ☐ DECEASED DATE: _____ | | ☒ N/A | |

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART B2- STAFF
CDC 837-B2 (09/03)

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __3__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SVSP | C | SVP-CEN-05-06-0365 |

## STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| MARTINEZ | R | | LIEUTENANT | M | M | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☒ PRIMARY  ☐ CAMERA | 33903 | | | |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| ☐ REFUSED TREATMENT | | | ☐ YES  ☒ NO | ☐ YES  ☒ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| ATTON | S | B | SERGEANT | M | W | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY  ☐ CAMERA | 34943 | | 250415 | |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| REFUSED TREATMENT | | | ☒ YES  ☐ NO | ☐ YES  ☒ NO |
| DECEASED DATE: _____ ☒ N/A | ☒ N/A | | TYPE: PHYS. | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| ALDEZ | M | | OFFICER | M | M | S/S/Z |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| PRIMARY  ☐ CAMERA | 54177 | | 253100 | |
| RESPONDER | DESCRIPTION OF INJURIES: | | | |
| WITNESS | | | | |
| VICTIM | ☒ N/A | | | |

| HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| REFUSED TREATMENT | | | ☐ YES  ☒ NO | ☒ YES  ☐ NO |
| DECEASED DATE: _____ ☒ N/A | ☒ N/A | | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| AGOSO | D | | OFFICER | M | M | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| PRIMARY  ☐ CAMERA | 37662 | | 253102 | |
| RESPONDER | DESCRIPTION OF INJURIES: | | | |
| WITNESS | | | | |
| VICTIM | ☒ N/A | | | |

| HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| REFUSED TREATMENT | | | ☒ YES  ☐ NO | ☒ YES  ☐ NO |
| DECEASED DATE: _____ ☒ N/A | ☒ N/A | | TYPE: OC SPRAY | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| BBS | B | | OFFICER | M | B | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| PRIMARY  ☐ CAMERA | 52949 | | 253103 | |
| RESPONDER | DESCRIPTION OF INJURIES: | | | |
| WITNESS | | | | |
| VICTIM | ☒ N/A | | | |

| HOSPITALIZED | ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|---|
| REFUSED TREATMENT | | | ☒ YES  ☐ NO | ☒ YES  ☐ NO |
| DECEASED DATE: _____ ☒ N/A | ☒ N/A | | TYPE: OC SPRAY | |



STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART B2- STAFF
CDC 837-B2 (09/03)

DEPARTMENT OF CORRECTIONS

PAGE __2__ OF __3__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SVSP | C | SVP-CEN-05-06-0365 |

**STAFF (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| SALAO | R | | OFFICER | M | O | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☒ PRIMARY ☐ CAMERA | | | 253104 | SQUAD OFFICER # 5 |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES ☒ NO | ☐ YES ☒ NO |
| ☐ DECEASED DATE: ____ ☒ N/A | ☒ N/A | TYPE: | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| JACKSON | J | | OFFICER | M | W | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | 286930 | 253105 | SQUAD OFFICER # 6 |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☒ YES ☐ NO | ☐ YES ☒ NO |
| ☐ DECEASED DATE: ____ ☒ N/A | ☒ N/A | TYPE: OC & PHYS. | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| PEREZ | E | | OFFICER | M | M | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | 2862341 | 253106 | SQUAD OFFICER # 7 |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☒ YES ☐ NO | ☐ YES ☒ NO |
| ☐ DECEASED DATE: ____ ☒ N/A | ☒ N/A | TYPE: OC SPRAY | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| DIAZ | A | | OFFICER | M | M | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | 2866361 | 253107 | SQUAD OFFICER # 8 |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES ☒ NO | ☒ YES ☐ NO |
| ☐ DECEASED DATE: ____ ☒ N/A | ☒ N/A | TYPE: | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| PARSONS | T | | OFFICER | M | W | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | 2861113 | 253110 | TOOL CONTROL |
| ☐ RESPONDER | DESCRIPTION OF INJURIES: | | | |
| ☐ WITNESS | | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES ☒ NO | ☐ YES ☒ NO |
| ☐ DECEASED DATE: ____ ☒ N/A | ☒ N/A | TYPE: | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART B2- STAFF**
CDC 837-B2 (09/03)

PAGE __3__ OF __3__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SVSP | C | SVP-CEN-05-06-0365 |

**STAFF (ENTIRE SHEET)**

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| PULIDO | E | | MTA | F | M | S/M |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | | 250200 | FACILITY C MTA |
| ☒ RESPONDER | | | | |
| ☐ WITNESS | DESCRIPTION OF INJURIES: | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES ☒ NO | ☐ YES ☐ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| SANTOS | N | | LVN | M | M | TH/F |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | NA | | | FACILITY C MEDICAL |
| ☐ RESPONDER | | | | |
| ☐ WITNESS | DESCRIPTION OF INJURIES: | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES ☒ NO | ☐ YES ☐ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| MOORE | N | | RN | F | | S/S |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | NA | | | FACILITY C MEDICAL |
| ☐ RESPONDER | | | | |
| ☐ WITNESS | DESCRIPTION OF INJURIES: | | | |
| ☐ VICTIM | ☐ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES ☐ NO | ☐ YES ☐ NO |
| ☐ DECEASED DATE: _____ ☐ N/A | ☐ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| LLARE | L | | OFFICER | M | O | W/TH |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | | 131315 | FACILITY C BUILDING 6 CONTROL |
| ☐ RESPONDER | | | | |
| ☐ WITNESS | DESCRIPTION OF INJURIES: | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES ☒ NO | ☐ YES ☐ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: _____ | |

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| LO SANTOS | B | | OFFICER | F | M | S/S/H |

| CHECK ONE | BADGE # | ID # | POST ASSIGN. # | POSITION |
|---|---|---|---|---|
| ☐ PRIMARY ☐ CAMERA | | | 253109 | COURT LIAISON OFFICER |
| ☐ RESPONDER | | | | |
| ☐ WITNESS | DESCRIPTION OF INJURIES: | | | |
| ☐ VICTIM | ☒ N/A | | | |

| ☐ HOSPITALIZED ☐ TREATED & RELEASED | NAME/LOCATION OF HOSP./TREAT. FACILITY | USED FORCE | PROCESSED EVIDENCE |
|---|---|---|---|
| ☐ REFUSED TREATMENT | | ☐ YES ☐ NO | ☐ YES ☒ NO |
| ☐ DECEASED DATE: _____ ☒ N/A | ☒ N/A | TYPE: _____ | |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
**CRIME / INCIDENT REPORT**
**PART C - STAFF REPORT**
CDC 857-C (Rev. 09/03)

| | | PAGE __1__ OF __2__ | INCIDENT LOG NUMBER |
|---|---|---|---|
| | | | SVP-CEN-05-06-0365 |

| NAME: LAST. | | FIRST | | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|---|---|
| Hatton | | S | | B | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 250416 | Squad Sergeant | 17 YR. 4 MO. | 06/14/05 | Facility C Buildings 6&8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE ☐ N/A |
|---|---|---|---|
| S/S/H | 0730-1600 | Resisting staff w/force - Poss. of weapon - Poss. of narcs for sale. | 3005 (b) / 3006 (a) / 3016 (c) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☒ PRIMARY | Martinez (s) | Jackson (s) | Woods D 30424 | Brown J 75188 |
| ☐ RESPONDER | Valdez (s) | Perez (s) | Frye T 05458 | Reese J 02950 |
| ☐ WITNESS | Fragoso (s) | Diaz (s) | Knight C67508 | Hunter J06098 |
| ☐ VICTIM | Parsons (s) | De Los Santos (s) | Harvey H 28106 | |
| ☐ CAMERA | Salao (s) | Parsons (s) | Williams D 05864 | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | | | |
|---|---|---|---|---|---|---|---|
| | | | | TYPE: | NO: | | NO: |
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | | | | | |
| ☒ PHYSICAL | ☐ 9 MM | ☐ OC | 37 MM | | | 9 MM | |
| ☐ NONE | ☐ 38 CAL | ☐ CN | L8 | | | 38 CAL | |
| | ☐ SHOTGUN | ☐ CS | 40 MM | | | MINI-14 | |
| FORCE OBSERVED BY YOU | | ☐ OTHER: | 40 MULTI | | | ☒ N/A | |
| ☒ WEAPON | ☐ 37 MM ☐ L8 | | | | | | |
| ☒ PHYSICAL | ☐ 40 MM ☐ 40 MULTI ☒ N/A | | | | | | |
| ☐ NONE | ☐ HFWRS ☐ BATON | | SHOTGUN | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ N/A | ☐ YES |
| ☐ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

**NARRATIVE:**

On June 14, 2005, while performing my duties as Security Squad Sergeant, I was instructed by Institutional Gang Investigator (IGI) Lieutenant Martinez to have the Investigative Service Unit (ISU) staff conduct a series of cell searches located on Facility C Building 7 and Building 8. All ISU staff involved were briefed in the Squad Room and then we proceeded to Facility C Building 6. I briefed Officer Millare the Control Booth for Building 6 of the cells the unit would be searching. Myself along with ISU staff entered the building and proceeded to cell 102 occupied by Inmates Woods D-30424 and Frye T-05458 and cell 103, occupied by Inmate Knight C-67508 and Harvey H-28106, both cell doors were open simultaneously. ISU staff instructed inmates in both cells to be placed in hand cuffs to which they complied. Inmates Woods, Frye, and Harvey were escorted to showers in A section and secured. Due to Inmate Knight's mobility disability he was escorted to a table inside of A section and sat down.

After securing the inmates, myself along with ISU staff approached Cell 113 and Officer Millare opened the cell door. Officer Gibbs gave Inmate Williams several orders to get down and prone out with negative results. At the same time Officer Fragoso instructed Inmate Brown (who was on the top bunk) to stop rolling over and keep his hands visible. Inmate Brown disobeyed Fragoso's order and made a movement toward the back of his bunk. Simultaneously Inmate Williams abruptly moved to the lower bunk and grabbed an unknown object and ran toward the cell door. Officer's Fragoso, Gibbs, Jackson and Perez utilized their

CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | Squad Sergeant | | 2861882 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 6/14/05 | ☒ YES ☐ NO | ☐ YES ☐ NO | 6/14/05 |

Distribution: Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE __2__ OF __2-__

| INCIDENT LOG NUMBER |
| SVP-CEN-05-06-0365 |

| NAME: LAST- | FIRST | MI |
| Hatton | S | B |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT     [ ] CLARIFICATION OF REPORT     [ ] ADDITIONAL INFORMATION

NARRATIVE:

state issued Oleoresin Capsicum Spray (OC) and sprayed both inmates to their upper torso areas. Inmate Williams stopped at the toilet and flushed it. I reached into the cell with my left hand and grabbed inmate Williams' T-shirt and attempted to pull Williams out of the cell, however the T-shirt ripped and tore off his body. I then grabbed Williams by the left shoulder and was successful in pulling Williams out of the cell. Officer Jackson then forced inmate Williams to the ground. I maintained control of Williams upper body as other staff members hand cuffed Williams. Once both inmate were handcuffed they were placed into the lower B shower. An unclothed body search was conducted on both inmates and then were decontaminated by utilizing the shower water at the leisure. Myself along with ISU staff proceeded to Building 8 Cell 211 occupied by Inmates Reese J-02950 and Hunter J-06098. The cell door was opened and both inmates were hand cuffed and secured in the shower.

All inmates involved were escorted to the Facility C Program and placed into temporary holding cells and a medical report of injury (7219) was performed by medical staff.

A subsequent search revealed the following contraband:

Building 6 Cell 102 .906 grams of heroin.

Building 6 Cell 103 .031 grams of heroin and two (2) inmate manufactured weapons.

Building 6 Cell 113 one (1) inmate manufactured weapon and 2 razor blades.

Building 8 Cell 211 one (1) wooden pipe relinquished from inmate Reese's mouth.

This concludes my report.

CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
| | Squad Sergeant | | 2861882 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| | 6/14/05 | [X] YES [ ] NO | [ ] YES [ ] NO | 6/14/05 |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA                                                                                          DEPARTMENT OF CORRECTIONS
CRIME / INCIDENT REPORT
PART C- STAFF REPORT
CDC 837-C (Rev. 09/03)

| | PAGE _1_ OF _2_ | INCIDENT LOG NUMBER |
| --- | --- | --- |
| | | SVP-CEN-05-06-0365 |

| NAME: LAST | | FIRST | | MI | DATE OF INCIDENT | TIME OF INCIDENT |
| --- | --- | --- | --- | --- | --- | --- |
| Gibbs | | B. | | R | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
| --- | --- | --- | --- | --- | --- |
| 253103 | SECURITY SQUAD # 4 | 9 YR. 5 MO. | | 06/14/05 | Facility C, Building #6 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
| --- | --- | --- | --- | --- |
| S/S/H | 0730/1600 | Poss of Weapon, Resisting Staff or W/Force, Poss. of Narcs for Sale | 3005 (b), 3006 (a), 3016 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
| --- | --- | --- | --- | --- |
| ☐ PRIMARY | Sgt. S. Hatton (S) | | Woods D-30424 C6-102L | Reese J-02950 C8-211L |
| ☒ RESPONDER | C/O M. Valdez (S) | | Frye T-05458 C6-102U | Hunter J-06098 C8-211U |
| ☐ WITNESS | | | Williams D-05864 C6-113 | |
| ☐ VICTIM | | | Brown J-75188 C6-113U | |
| ☐ CAMERA | | | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | | SHOTS FIRED BY YOU | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | TYPE: | NO: | NO: |
| ☒ WEAPON | ☐ MINI-14 | CHEM. TYPE: | | 37 MM | _____ | 9 MM | _____ |
| ☐ PHYSICAL | ☐ 9 MM | ☒ OC | MK-9 | L8 | _____ | 38 CAL | _____ |
| ☐ NONE | ☐ 38 CAL | ☐ CN | | 40 MM | _____ | MINI-14 | _____ |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ CS | | 40 MULTI | _____ | ☒ N/A | |
| | ☐ OTHER: | | | | | | |
| ☒ WEAPON | ☐ 37 MM  ☐ L8 | ☐ N/A | | 40 MULTI | _____ | | |
| ☐ PHYSICAL | ☐ 40 MM  ☐ 40 MULTI | | | SHOTGUN | _____ | | |
| ☐ NONE | ☐ HFWRS  ☐ BATON | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
| --- | --- | --- | --- | --- |
| ☒ YES | One Bindle of Suspected Heroin/One CD-R of Digital Photographs | Placed into ISU Evidence Locker #51/ISU Evidence Film Locker (June 2005) | ☐ YES | ☐ YES |
| ☐ NO | ☐ N/A | ☐ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
| --- | --- | --- | --- | --- |
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: _____ | |

NARRATIVE:

On Tuesday June 14, 2005, at approximately 0513 hours while performing my duties as Security Squad Officer #4, the Investigative Service Unit (ISU) proceeded to Facility "C" to conduct multiple cell searches. Upon my arrival to Facility "C", I proceeded to Building #6 cell 102 which is jointly occupied by Inmates Woods D-30424 (C6-102L) and Frye T-05458 (C6-102U). As I arrived to cell #102, I looked through the cell door window and observed Woods laying down on the lower bunk and Frye laying down on the upper bunk. The Control Booth Officer was then signaled to open the cell door. The cell door was opened at which time I ordered both inmate not to move. I gave Woods orders to get of the lower bunk and prone out on the cell floor at which time he complied. I continued to give Woods orders to crawl back to the cell door while maintaining visual contact on Frye. I placed handcuffs on Woods and Woods was escorted by ISU staff to A-Section lower shower. I then ordered Frye to get off the upper bunk and prone out on the cell floor with positive results. I ordered Frye to crawl back to the cell door and submit to handcuffs. I placed handcuffs on Frye and escorted him to A-Section lower shower.

I proceeded to cell #113 which is jointly occupied by Inmates Williams D-05864 (C6-113L) and Brown J-75188 (C6-113L). Upon my arrival to cell #113, I looked through the cell door window and observed Williams standing in the center of the cell between the bookshelves and bunks. Inmate Brown was laying down on the upper bunk. The Control Booth Officer was signaled to open the cell door. I immediately gave Williams several orders to get down and prone out.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| NATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
| --- | --- | --- | --- | --- |
| B. Gibbs | C/O | ▓▓▓▓ | 2861212 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| --- | --- | --- | --- | --- |
| | 6/14/05 | ☒ YES ☐ NO | ☐ YES ☐ NO | 6/14/05 |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE __2__ OF __2__

| INCIDENT LOG NUMBER |
|---|
| SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | MI |
|---|---|---|
| Gibbs | B | R |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

NARRATIVE:

Inmate Williams ignored my orders to get down. As I keep visual contact on Williams, Officer D. Fragoso ordered Brown not to move. Inmate Williams abruptly reached for an unknown object from the lower bunk by the cell toilet. Utilizing my MK-9 Oleoresin Capsicum (OC) Pepper Spray, I sprayed one direct application of OC Pepper Spray to Williams facial and upper torso area while ordering him to prone out. I was momentarily incapacitated by the OC Pepper Spray and stepped back from the cell door. After I regained my composure, I observed Williams being restrained on the floor at which time I handcuffed him. Williams was escorted to the shower for decantamination.

proceeded to Facility "C", Building #8, Cell #211 which is jointly occupied by Inmates Reese J-02950 (C8-211L) and Hunter J-06098 (C6-211U). Officer M. Valdez ordered Reese and Hunter to submit to handcuffs at which time they complied without incident. Both inmates were escorted to B-Section upper shower.

returned to cell C6-102 to conduct a systematic search of the cell. As I entered the cell, I could smell the presence of Inmate Manufactured Alcohol (Pruno). I discovered a 5 Gallon white bucket located on the floor of the cell between the lower shelf and the desk. Inside of the bucket was a red liquid substance in a clear plastic bag approximately 3/4 full. I contacted Squad Sergeant S. Hatton who confirmed the red liquid was indeed Pruno. I continued to search the cell and discovered a plastic aggy located on top of the lower right side shelf by the television with a black tar like substance secreted in it. Utilizing a Sony Digital Camera I took the following digital pictures:

. Over all view outside of cell #102.

. Over all view inside of cell #102.

. Mid range view of suspected Heroin located on top of the lower shelf.

. Mid range view of suspected Heroin located on top of the lower shelf with Inmate Woods D-30424 identification card.

placed the suspected Heroin into an Evidence bag and continued to search the cell with no more contraband being scovered. The Inmate Manufactured Alcohol was disposed of per Institutional Procedures. I returned to the ISU office an inducted an Department of Justice Presumptive Drug Test on the suspected Heroin which tested positive. I placed the spected Heroin into ISU Evidence Locker #51. I downloaded the digital photographs onto one Compact Disc Recordable D-R) and placed the CD-R into ISU Evidence Film Locker (June 2005). I maintained sole possession of all evidence until I aced all items into evidence. This concludes my report.

CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | | 2861212 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 6/14/05 | [X] YES [ ] NO | [ ] YES [ ] NO | C/14/05 |

ation:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

PAGE __1__ OF __2__

| INCIDENT LOG NUMBER |
| SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| Fragoso | D | | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 253102 | S&I # 3 | 18 YR. 8 MO. | 06/14/05 | Facility "C" Cell C-6 113 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | N/A |
|---|---|---|---|---|
| S/S/H | 0800-1630 | Resisting Staff W Force-Poss Of Weapon-Poss Of Narcs for Sale | 3006 (A) 3006 (A) 3016 (C) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| [X] PRIMARY | B. Gibbs | | Brown J-75188 | C-6 113U |
| [ ] RESPONDER | | | Williams D-05846 | C-6 113L |
| [ ] WITNESS | | | Woods D-30424 | C-6 102L |
| [ ] VICTIM | | | Frye T-05458 | C-6 102U |
| [ ] CAMERA | | | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | | SHOTS FIRED BY YOU | | | |
|---|---|---|---|---|---|---|---|
| | | | | | TYPE: | NO: | | NO: |
| [X] WEAPON | [ ] MINI-14 | | CHEM. TYPE: | 37 MM | | 9 MM | |
| [ ] PHYSICAL | [ ] 9 MM | [X] OC | MK-9 | L8 | | 38 CAL | |
| [ ] NONE | [ ] 38 CAL | [ ] CN | | 40 MM | | MINI-14 | |
| FORCE OBSERVED BY YOU | [ ] SHOTGUN | [ ] CS | | 40 MULTI | | [X] N/A | |
| [ ] WEAPON | [ ] 37 MM | [ ] L8 | [ ] OTHER:____ | SHOTGUN | | | |
| [ ] PHYSICAL | [ ] 40 MM | [ ] 40 MULTI | [ ] N/A | | | | |
| [ ] NONE | [ ] HFWRS | [ ] BATON | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| [ ] YES | One inmate manufactured weapon, Two razor blades, One nail clipper | Secured in Evidence Locker 06A | [ ] YES | [ ] YES |
| [ ] NO | [ ] N/A | [ ] N/A | [X] NO | [X] NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| [ ] YES | | | [ ] BODILY  [X] N/A | [ ] YES |
| [ ] NO | [X] N/A | [X] N/A | [ ] UNKNOWN | [X] NO |
| | | | [ ] OTHER: | |

**NARRATIVE:**

On June 14, 2005 at approximately 0513 hours, I was performing my duties as Investigative Services Unit (ISU) Officer #3. At this time I reported to Facility C to conduct multiple cell searches. I approached cell C-6 102 occupied by Inmates Woods D-30424 and Inmate Frye T-05458. The control booth officer opened the cell door, ISU Officer Gibbs ordered Inmates Woods and Frye to submit to mechanical restraints. Mechanical restraints were applied to both inmates without incident. I then escorted Inmate Frye to the A section lower shower stall. I approached cell C-6 113, occupied by Inmates Brown J-25188 and Inmate Williams D-05846. The control booth officer was instructed to open cell C-6 113. ISU Officer B. Gibbs ordered the occupants of the cell to assume the prone position, with negative results. Inmate Williams was standing near the end of the bunk and the toilet area, refusing to comply to Officer Gibbs orders. I ordered Inmate Brown to remain on the top bunk. Inmate Brown then sat up, on the top bunk. Inmate Brown then turned to his left in a quick motion attempting to reach for an unknown object on his bunk. Utilizing my MK-9 Magnum Oleoresin Capsicum (OC) spray, I applied one direct application towards the facial area of Inmate Brown. At this time Inmate Williams attempted to reach towards the lower bunk area, Officer Gibbs utilized his MK-9 (OC) spray and applied one direct one direct application to the facial area of Inmate Williams. I maintained a direct visual on Inmate Brown, while ISU staff placed Williams in mechanical restraints. I ordered Inmate Brown back up towards the cell, and submit to mechanical restraints. I applied the mechanical restraints on Inmate Brown without further incident.

CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| _signature_ | C/O | ▇▇▇▇ | 2861299 | 06-14-2005 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| _signature_ | 6/14/05 | [X] YES [ ] NO | [ ] YES [X] NO | 6/14/05 |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C1 - SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE __2__ OF __2__

| INCIDENT LOG NUMBER |
| SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | MI |
| FRAGOSO | D | |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT ☐ CLARIFICATION OF REPORT ☐ ADDITIONAL INFORMATION

NARRATIVE:

I escorted Inmate Brown , while Officer Gibbs escorted Williams to the lower tier shower stall for decontamination. Both inmates were given an unclothed body search. I escorted Inmate Brown to the Facility C Health Annex for a medical evaluation (7219).

I began to conduct a cell search of cell C-6 113. During the search of the desk area I discovered secreted in a nail clipper Two (2) razor blades approximately 1 1/2 inches in length.  I removed from the top shelf a Zenith 13 inch color television set (ser # 1805) issued to Inmate Brown J-75188. Upon inspection of the television (TV) , I discovered secreted within the TV , one inmate manufactured weapon. I removed the front panel from the TV and removed the weapon. The inmate manufactured weapon measured approximately 6 1/2 inches in length by 1/4 inch in width. The weapon was constructed from round metal stock sharpened to a point at one end, with plastic melted on the opposite end to form a handle. I maintained control of the evidence, and utilizing a Sony Digital Camera photographed the contraband. I continued the search of the cell with negative results.

I processed the evidence and secured it in ISU evidence locker 06A, in accordance with institutional procedures. All digital images taken were transferred to a Compact Disc (CD), and placed in ISU film locker June 2005. This concludes my report.

CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
| | Officer | ▓▓▓▓ | 2861299 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| | 6/14/05 | [X] YES ☐ NO | ☐ YES [X] NO | 6/14/05 |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

(37)

STATE OF CALIFORNIA                                                                            DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C- STAFF REPORT
CDC 837-C (Rev. 09/03)

| PAGE 1 OF 3 | INCIDENT LOG NUMBER SVP-CEN-05-06-0365 |
|---|---|

| NAME: LAST DIAZ | FIRST A. | MI | DATE OF INCIDENT 06/14/05 | TIME OF INCIDENT 05:13 |
|---|---|---|---|---|

| POST # 253107 | POSITION S&I # 8 | YEARS OF SERVICE 4 YR. 2 MO. | DATE OF REPORT 06/14/05 | LOCATION OF INCIDENT Fac 'C' Building 6 |
|---|---|---|---|---|

| RDO's S/S/H | DUTY HOURS 0730-1600 | DESCRIPTION OF CRIME / INCIDENT Resisting Staff w/Force/Poss.of a Weapon/Controlled Substance | CCR SECTION / RULE ☐ N/A 3005 (c)/3006 (a)/3016 (c) |
|---|---|---|---|

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☒ PRIMARY | C/O E. Parsons, (S) | Knight, C-07508 (S) |
| ☐ RESPONDER | C/O M. Valdez, (S) | Harvey, H-28106 (S) |
| ☐ WITNESS | C/O R. Salao, (S) | |
| ☐ VICTIM | | |
| ☒ CAMERA | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | | | |
|---|---|---|---|---|---|---|---|
| | | CHEM. TYPE: | | TYPE: | NO: | | NO: |
| ☐ WEAPON | ☐ MINI-14 | ☐ OC | 37 MM | ___ | ___ | 9 MM | ___ |
| ☐ PHYSICAL | ☐ 9 MM | ☐ CN | L8 | ___ | ___ | 38 CAL | ___ |
| ☒ NONE | ☐ 38 CAL | ☐ CS | 40 MM | ___ | ___ | MINI-14 | ___ |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ OTHER: ___ | 40 MULTI | ___ | ___ | ☒ N/A | |
| ☐ WEAPON | ☐ 37 MM ☐ L8 | ☒ N/A | SHOTGUN | ___ | ___ | | |
| ☐ PHYSICAL | ☐ 40 MM ☐ 40 MULTI | | | | | | |
| ☒ NONE | ☐ HFWRS ☐ BATON | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☒ YES | 2 metal weapons sharpend to a point, 2 bindles of black tar heroin | Weapons placed in ISU Evidence Locker 06A/2005. Controlled substance locker #51 | ☐ YES | ☐ YES |
| ☐ NO | ☐ N/A | ☐ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ NO | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN ☐ OTHER: | ☒ NO |

NARRATIVE:

On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer # 8, I was assisting the Investigative Services Unit Officers E. Parsons, M. Valdez and R. Salao with a cell search on Facility 'C' building #6. As we approached C6 building cell 103 the control booth officer was instructed to open the cell door. Cell 103 was occupied by inmates Knight, C-07508, C6-103L and Harvey, H-28106, C6-103U. The door opened and Knight who was lying on the bottom bed was instructed by Valdez to prone out on his stomach. Knight then stated that he is an ADA inmate and could not prone out. Knight was then instructed to walk back to the cell door slowly and he complied and was escorted by Salao to the table in the A-Pod dayroom. Harvey who was lying on the top bunk was instructed to prone out on his stomach and he complied. Harvey then crawled backwards and was placed in restraints. Harvey was escorted by Valdez to the top tier shower without incident.

along with Officer Parsons began searching cell 103 for any possible contraband. I searched the top bed, and lifted the mattress and found one (1) inmate manufactured weapon on the bed. The weapon was in the middle of the bed which was approximately 5 inches inches in length and 1/2 in width sharpened to a point. Attached to the weapon was a white cloth sleeve and a blue cloth string laced on top to tie a noose to cover the metal. The weapon also had a blue cloth string tied on top wrapped by a rubber band to form a makeshift handle. I continued searching the cell for contraband, as I began searching

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # ▓▓▓▓ | ID # 28661 | DATE 06/14/05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

(38)

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS
**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

| PAGE __2__ OF __3__ | INCIDENT LOG NUMBER |
| | SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | | MI |
| Diaz | A. | | |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

NARRATIVE:

the lower bed I found a blue bini hat in the middle of the bed. The hat had a clear plastic tube with a brown leafy substance (tobacco) wrapped multiple times secreted in it. I also found in the hat a partial piece of a rubber glove that contained two small wrapped plastic bindles of what appeared to be black tar heroin. I continued my search in the lower bed a found one (1) inmate manufactured deadly weapon on the lower right corner of the bed. The weapon was made of metal which was bent in half and measured approximately 3" 1/4 inches in length and 3/4 inch in width sharpened to a point at the folded end. Attached to the weapon was a white paper sleeve taped with masking tape to cover the metal. The weapon also had a white shoe lace wrapped on top, tied to a knot to form a makeshift handle. No further contraband was discovered in the cell.

I secured the evidence and proceeded to conduct a Department of Justice presumptive drug screening test on the suspected bindles of black tar heroin. The first bindle weighed approximately 0.17 grams and tested positive for heroin. The second bindle weighed approximately 0.14 grams and tested positive for heroin.

The following pictures of the weapons and controlled substance found were taken in the following sequence.

1.   Overall of cell C6-103

2.   Overall view of inside cell C6-103

3.   Overall view of inside cell C6-103

4.   Close up of weapon found in the middle of the top bed with white cloth sleeve on approximately 5 inches inches in length and 1/2 in width sharpened to a point..

5.   Close up of weapon found in the middle of the top bed without white cloth sleeve approximately 5 inches inches in length and 1/2 in width sharpened to a point..

6.   Close up of blue bini hat that contained a clear plastic tube with a brown leafy substance (tobacco) wrapped multiple times. Also a partial piece of a rubber glove that contained inside two small wrapped plastic bindles of what appeared to be black tar heroin.

7.   Close up of blue bini hat that contained a clear plastic tube with a brown leafy substance (tobacco) unwrapped. Also a partial piece of a rubber glove opened that contained two small wrapped plastic bindles of what appeared to be black tar heroin.

8.   Close up of one (1) inmate manufactured deadly weapon on the lower right corner of the bed. The weapon was made of metal which was bent in half and measured approximately 3 1/4 inches in length and 3/4 inch in width sharpened to a point at the folded end. Attached to the weapon was a white paper sleeve taped with masking tape to cover the metal.

9.   Close up of one (1) inmate manufactured deadly weapon on the lower right corner of the bed. The weapon was made of metal which was bent in half and measured approximately 3 1/4 inches in length and 3/4 inch in width sharpened to a point at the folded end. Removed was the paper sleeve and weapon is facing a side view

| CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
| | C/O | ███████ | 28661 | 06/14/05 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| | | [ ] YES [ ] NO | [ ] YES [ ] NO | |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

| PAGE 3 OF 3 | INCIDENT LOG NUMBER SVP-CEN-05-06-0365 |

| NAME: LAST Diaz | FIRST A. | MI |

TYPE OF INFORMATION:

☒ CONTINUATION OF REPORT      ☐ CLARIFICATION OF REPORT      ☐ ADDITIONAL INFORMATION

NARRATIVE:

10. Close up of one (1) inmate manufactured deadly weapon on the lower right corner of the bed. The weapon was made of metal which was bent in half and measured approximately 3 1/4 inches in length and 3/4 inch in width sharpened to a point at the folded end. Removed was the paper sleeve and weapon is facing up to view the sharpened point.

I then secured and processed the weapons in ISU evidence locker 06A/2005 and the controlled substance in ISU evidence locker #51 pending DOJ testing results.

This concludes my report.

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE C/O | BADGE # | ID # 28661 | DATE 06/14/05 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED ☐ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☐ NO | DATE |

Distribution:  Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C- STAFF REPORT
CDC 837-C (Rev. 09/03)

PAGE __1__ OF __2__

INCIDENT LOG NUMBER
SVP-CEN-05-06-0365

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| VALDEZ | M. | | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 253100 | Security Squad Officer #1 | 9 YR. 2 MO. | 06/14/05 | Facility C Buildings 6 & 8 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| S/S/H | 0800-1630 | Resisting Staff W/Force-Poss. of Weapon-Poss. of Narcotics for Sale | 3005 (c), 3006 (a) & 3016 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE V-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|---|
| ☒ PRIMARY | C/O R. Salao (s) | | Reese J-02950 (s) |
| ☐ RESPONDER | C/O E. Perez (s) | | Hunter J-06098 (s) |
| ☐ WITNESS | C/O A. Diaz (s) | | |
| ☐ VICTIM | | | |
| ☐ CAMERA | | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | |
|---|---|---|---|---|---|
| | | CHEM. TYPE: | | TYPE: NO: | NO: |
| ☐ WEAPON | ☐ MINI-14 | ☐ OC ____ | 37 MM ____ ____ | 9 MM ____ |
| ☐ PHYSICAL | ☐ 9 MM | ☐ CN ____ | L8 ____ ____ | 38 CAL ____ |
| ☒ NONE | ☐ 38 CAL | ☐ CS ____ | 40 MM ____ ____ | MINI-14 ____ |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ OTHER:____ | 40 MULTI ____ | ☒ N/A |
| ☐ WEAPON | ☐ 37 MM   ☐ L8 | | 40 MM ____ | |
| ☐ PHYSICAL | ☐ 40 MM   ☐ 40 MULTI   ☒ N/A | | SHOTGUN ____ | |
| ☒ NONE | ☐ HFWRS   ☐ BATON | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☒ YES | (1) Wooden Pipe | Placed in ISU Evidence Locker 06A (2005) | ☐ YES | ☐ YES |
| ☐ NO | ☐ N/A | ☐ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY   ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER:____ | |

**NARRATIVE:**

On June 14, 2005, at approximately 0513, hours while conducting my duties as Security Squad Officer #1, I assisted the Security Squad in conducting multiple cell searches on Facility C, in Buildings C-6 and C-8. Upon arriving on Facility C, Security Squad Officers R. Salao, A. Diaz and myself proceeded to cell C6-103, occupied by Inmates Knight C-07508, C6-103L and Harvey H-28106, C6-103U. As we approached the cell the control booth officer was instructed to open the cell door. Once we were in front of the cell door I ordered both inmates to remain on their bunks, both inmates complied. I then ordered the inmate on the top bunk, identified as Harvey to step down of the top bunk and back up to the open cell door. Harvey complied and I placed him in handcuffs. I escorted Harvey up to the top tier shower in A-Section where I conducted an unclothed body search on him. As I conducted the unclothed body search other members of the team proceeded to cell C6-113, where it became necessary for force to be used (O.C. Pepper Spray).

Once the team had secured the inmates in cell C6-113, I proceeded to Building C-8 Cell 211. As I approached Cell 211, the control booth officer was instructed to open the cell door. Once the cell door was opened I ordered the inmate on the lower bunk identified as Hunter, J-06098, C8-211U, to back up to the cell door where I placed him in handcuffs. After Hunter was placed in handcuffs Officer E. Perez escorted him to the top tier shower in B-Section. I then ordered the inmate on the top bunk identified as Reese, J-02950, to back up to the cell door. Reese complied at which time I placed him in handcuffs and escorted him to top tier B-Section shower.

☒ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | | 2861215 | 6/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 6/14/05 | ☒ YES ☐ NO | ☐ YES ☒ NO | 6/14/05 |

Distribution:  Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE __2__ OF __2__

| INCIDENT LOG NUMBER |
| --- |
| SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | MI |
| --- | --- | --- |
| VALDEZ | M. | |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT     [ ] CLARIFICATION OF REPORT     [ ] ADDITIONAL INFORMATION

**NARRATIVE:**

Once both Hunter and Reese were in the shower Officer Perez conducted an unclothed body search on both inmates. During the unclothed body search I noticed a dark unknown object in Reese's mouth. I then ordered Reese to remove the item from his mouth, he complied and placed it on the shower door bars. I took possession of the object which was a dark brown in color and wrapped in clear plastic. When I removed the plastic wrapping, I discovered it was a wooden pipe commonly used to smoke marijuana. After the unclothed body searches were complete Officer Perez and myself conducted a search of Cell 211, with negative results for any additional contraband. Officer Perez and I then escorted both Hunter and Reese to the Facility C program area where I placed Reese in Temporary Holding Cell # 2, without further incident. Upon returning to the Investigative Service Unit (ISU), I placed the wooden pipe into ISU Evidence Locker 06A (2005). This concludes my report.

[ ] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
| --- | --- | --- | --- | --- |
| | C/O | | 2861215 | 6/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| --- | --- | --- | --- | --- |
| | 6/14/05 | [ ] YES [ ] NO | [ ] YES [X] NO | 6/14/05 |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C- STAFF REPORT
CDC 837-C (Rev. 09/03)

PAGE __1__ OF _____

| INCIDENT LOG NUMBER |
|---|
| SVP-Cen-05-06-0365 |

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| Parsons | E. | R. | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT | |
|---|---|---|---|---|---|
| 253103 | S & I #10 | 7 YR. 3 MO. | 06/14/05 | Facility C Building 6&8 | |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| S,S,H | 0730 - 1600 | Resisting Staff W/Force-Poss of a Weapon-Poss of Narcotics for sale | 3005b/3006a/3016c | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|
| ☒ PRIMARY | A. Diaz | Woods, D-30428 | Brown, J-75188 |
| ☐ RESPONDER | | Frye, T-05458 | Reese, J-02950 |
| ☐ WITNESS | | Knight, C-67508 | Hunter, J-06098 |
| ☐ VICTIM | | Harvey, H-28106 | |
| ☐ CAMERA | | Williams, D-05864 | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | | |
|---|---|---|---|---|---|---|
| | | | | TYPE: | NO: | NO: |
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | | 37 MM | | 9 MM |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC | | L8 | | 38 CAL |
| ☒ NONE | ☐ 38 CAL | ☐ CN | | | | |
| | ☐ SHOTGUN | ☐ CS | | 40 MM | | MINI-14 |
| FORCE OBSERVED BY YOU | ☐ 37 MM  ☐ L8 | ☐ OTHER: | | 40 MULTI | ☒ N/A | |
| ☐ WEAPON | ☐ 40 MM  ☐ 40 MULTI | ☒ N/A | | SHOTGUN | | |
| ☐ PHYSICAL | ☐ HFWRS  ☐ BATON | | | | | |
| ☒ NONE | | | | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN  ☐ OTHER: | ☒ NO |

**NARRATIVE:**

On June 14, 2005, at about 05:13 hours while working as Squad Officer #10, I assisted with multiple cell searches, and escorting of inmates on Facility C, Yard 2, Buildings C6 and C8. At Building C6 cell 102 occupied by Inmates Woods, D-30424 and Frye, T-05458 I escorted Inmate Woods to lower A section shower and secured him in the shower. I conducted and unclothed body search of Woods and Frye with negative results. I then proceeded to Building C6, cell 211, occupied by Inmates Reese, J-02950 and Hunter, J06098. I handcuffed each inmate and escorted them to upper C section shower, and conducted an unclothed body search searched of both inmates with negative results. I then assisted Officer A. Diaz in searching cell C6, 103 occupied by Inmates Knight, C-67508 and Harvey, H-28106. I entered cell 103 to search the cell, half way through the search, cell 103 was secured, and I proceeded to escorted Inmate Frye from the lower A section shower to the Health annex for medical evaluation. I returned to building C6 and escorted Inmate Knight to Facility C Medical Office for medical evaluation. Upon returning to Building C6 I then escorted Inmate Williams to the health Annex for medical evaluation. I then returned to Building C6 and finished the search of cell 103 with Officer Diaz. During the search Officer Diaz found two inmate manufactured weapons and suspected Heroin.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| [signature] | C/O | [redacted] | 2861113 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| [signature] | 6/14/05 | ☒ YES ☐ NO | ☐ YES ☒ NO | 6/14/05 |

Distribution:  Original:  Incident Package    Copy:  Reporting Employee    Copy:  Reviewing Supervisor

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

PAGE __1__ OF __2__

| INCIDENT LOG NUMBER |
|---|
| SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| Perez | E. | | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 253106 | Squad # 7 | 5 YR. 6 MO. | 06/14/05 | Facility C, Building # 6, Cell 113 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| S/S/H | 0730-1630 | Resisting Staff W/Force-Poss. Of Weapon-Poss. Of Narcs  For Sale | 3005 (b),3006 (a) and 3016 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☒ PRIMARY | (S) Sgt. S. Hatton | | (S) Williams D05864 | C6-113 |
| ☐ RESPONDER | (S) C/O B. Gibbs | | (S) Brown   J75188 | C6-113 |
| ☐ WITNESS | (S) C/O D. Fragoso | | | |
| ☐ VICTIM | | | | |
| ☐ CAMERA | | | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | | |
|---|---|---|---|---|---|---|
| | | | | TYPE: | NO: | NO: |
| ☒ WEAPON | ☐ MINI-14 | CHEM. TYPE: | | | | |
| ☐ PHYSICAL | ☐ 9 MM | ☒ OC  5.5 Fogger | 37 MM | _____ | 9 MM | _____ |
| ☐ NONE | ☐ 38 CAL | ☐ CN  _____ | L8 | _____ | 38 CAL | _____ |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ CS  _____ | 40 MM | _____ | MINI-14 | _____ |
| ☒ WEAPON | ☐ 37 MM   ☐ L8 | ☐ OTHER: _____ | 40 MULTI | _____ | ☒ N/A | |
| ☒ PHYSICAL | ☐ 40 MM   ☐ 40 MULTI | ☐ N/A | | | | |
| ☐ NONE | ☐ HFWRS   ☐ BATON | | SHOTGUN | _____ | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY      ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

NARRATIVE:

On Tuesday June 14, 2005, at approximately 0513 hours, the Investigative Services Unit reported to Facility C, to conduct several cell searches. Cell searches began in Facility C building # 6, cells 102 and 103. The inmates in cell 102 and 103 complied with staff orders to exit the cell, both inmates were placed in handcuffs and escorted to the top and lower showers. I then reported to cell 113 occupied by Inmate's Williams D05864 and Brown J75188. Upon my arrival to cell 113 the control booth officer was instructed to open the cell door by Sgt. Hatton.  While the cell door was opening, Officer B. Gibbs ordered Williams and Brown to remain still.  Williams was standing up facing the cell door and Brown was laying on the top Bunk.  Gibbs then ordered Williams several times to face the back of the cell and walk backwards towards the cell door and submit to mechanical restraints (handcuffs), with negative results. Gibbs continued to give Williams orders to turn around and submit to handcuffs which Williams ignored. Williams then reached over to the lower bunk and it appeared Williams was trying to retrieve an object from the lower bunk.  At that time I administered one burst of OC 5.5 Fogger to the facial area of Williams, while staff continued to give Williams orders to submit to handcuffs, Williams continued to ignore staffs orders. Williams then stood up and made a sudden movement towards the cell door and stopped in front of the toilet.  Williams flushed the toilet several times, At which time Sgt. Hatton was able to grab Williams by his shirt and pull him toward the cell door.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | | 2862341 | 06/03/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 06/14/05 | ☒ YES  ☐ NO | ☐ YES  ☐ NO | 6/14/05 |

Distribution:   Original: Incident Package     Copy: Reporting Employee     Copy: Reviewing Supervisor

(44)

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

| | |
|---|---|
| PAGE __2__ OF __2__ | INCIDENT LOG NUMBER<br>SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | MI |
|---|---|---|
| PEREZ | E. | |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT    [ ] CLARIFICATION OF REPORT    [ ] ADDITIONAL INFORMATION

NARRATIVE:

Williams was then placed on ground by Investigative Services Unit (ISU) staff. Williams was then placed in handcuffs and escorted to the lower shower by ISU staff. Inmate Brown was then given orders by D. Fragoso to slowly climb down from the upper bunk and submit to handcuffs, at which time Brown complied. Brown was then escorted by ISU staff to the A-Section lower shower.

I then reported to Building 8, cell 211 occupied by Inmates Reese J02950 and Hunter J06098 to perform a cell search. Upon my arrival to cell 211 the Control Booth Officer was ordered to open the cell door. Officer M. Valdez then instructed Reese and Hunter to submit to handcuffs, at which time they complied. Officer Valdez and I escorted both inmates to the top tier shower. After placing the inmates in the shower, I began to conduct an unclothed body search on Inmate Hunter, which resulted in negative results. Officer M. Valdez then ordered Reese to open his mouth, at which time Reese complied. Reese opened his mouth and Valdez noticed he was trying to conceal an object. Valdez then ordered Reese to remove the object from his mouth, Reese complied by removing the object from his mouth and placing it on the shower door. Valdez took control of the item and I finished the unclothed body search. I then assisted Valdez with the search of cell 211 with negative results. Officer Valdez and I escorted Reese and Hunter to the Medical health Annex and were place in holding cell # 1 and 2. This concludes my report.

| CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE<br>C/O | BADGE # | ID #<br>2862341 | DATE<br>06/14/05 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED<br>[X] YES [ ] NO | CLARIFICATION NEEDED<br>[ ] YES [ ] NO | DATE |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

STATE OF CALIFORNIA

**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __2__

INCIDENT LOG NUMBER: SVP-CEN-05-06-0365

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| Salao | R | Q | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 253104 | S & I #5 | 7 YR. 3 MO. | 06/14/05 | Facility C Building 6 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| S,S,H | 0730 - 1600 | Resisting Staff w/Force, Possession of a Weapon, Dist of Narcotics | 3005(a), 3006(a), 3016(c) [ ] N/A |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| [X] PRIMARY | Sgt. S. Hatton | Knight (C-67508)(S)    Reese (J-02950)(S) |
| [ ] RESPONDER | | Harvey (H-28106)(S)    Hunter (J-06098)(S) |
| [ ] WITNESS | | Woods (D-30424)(S)    Williams (D-05864)(S) |
| [ ] VICTIM | | Frye (T-05458)(S)    Brown (J-75188)(S) |
| [ ] CAMERA | | |

FORCE USED BY YOU: [ ] WEAPON [ ] PHYSICAL [X] NONE

FORCE OBSERVED BY YOU: [ ] WEAPON [X] PHYSICAL [ ] NONE

WEAPONS USED BY YOU: [ ] MINI-14 [ ] 9 MM [ ] 38 CAL [ ] SHOTGUN [ ] 37 MM [ ] L8 [ ] 40 MM [ ] 40 MULTI [ ] HFWRS [ ] BATON

CHEM. TYPE: [ ] OC [ ] CN [ ] CS [ ] OTHER: [X] N/A

SHOTS FIRED BY YOU: 37 MM, L8, 40 MM, 40 MULTI, SHOTGUN, 9 MM, 38 CAL, MINI-14 [X] N/A

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| [ ] YES [X] NO | [X] N/A | [X] N/A | [ ] YES [X] NO | [ ] YES [X] NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| [ ] YES [X] NO | [X] N/A | [X] N/A | [ ] BODILY [X] N/A [ ] UNKNOWN [ ] OTHER: | [ ] YES [X] NO |

**NARRATIVE:**

On Tuesday, June 14, 2005 at approximately 0513 hours while performing my duties as Investigative Services Unit (ISU) Officer #5, I assisted ISU in multiple cell searches on Facility C Building 6. ISU entered A-Pod and went to cells 102; occupied by Inmates Woods (D-30424) and Frye (T-05458) and 103; occupied by Inmates Knight (C-67508) and Harvey (H-28106). All four inmates complied to the orders that were given by staff and placed in restraints (hand cuffs). Inmates Woods and Frye were escorted to the lower A shower and secured. Inmate Harvey was escorted to the upper A shower and secured. I escorted Inmate Knight to the A-Pod day room table closest to cell 103 where he was seated, due to his mobility impairment, he was unable to walk up the stairs to the upper A shower. I then went to cell 113, occupied by Inmates Williams (D-05864) and Brown (J-75188) and assisted other ISU staff. Inmate Williams was given several orders by staff to "turn around, back up and cuff up" with negative results. Inmate Williams made a sudden movement towards the toilet and flushed an unknown object, ISU staff responded by utilizing their MK-9 and spraying Inmate Williams in the upper body and head area. Inmate Williams was given orders to "get down and cuff up", with negative results. Inmate Williams was removed from the cell and was placed in hand cuffs and escorted to the lower B pod showers by ISU staff. While I observed Inmate Brown in the upper bunk. Inmate Brown was given orders by staff to "get down and prone out on the floor". Once he was on the floor, He was placed in hand cuffs and escorted by ISU staff to lower B pod showers where he was secured with Inmate Williams.

[X] CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | | 2861002 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 6/14/05 | [X] YES [ ] NO | [ ] YES [X] NO | 6/14/05 |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

46

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

PAGE __2__ OF __2__

INCIDENT LOG NUMBER
SVP-CEN-05-06-0365

| NAME: LAST | FIRST | MI |
|---|---|---|
| Salao | R. | Q |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT     [ ] CLARIFICATION OF REPORT     [ ] ADDITIONAL INFORMATION

NARRATIVE:

Once all inmates were secured, I went to Building 8 to assist ISU staff with searching cell 211, occupied by Inmates Reese (J-02950) and Hunter (J-06098). Both Inmates complied with the orders given by staff and were placed in hand cuffs and escorted to the upper B pod showers and secured. I was instructed by ISU Sergeant S. Hatton to escort inmates up to the Facility C Health Services Annex. I escorted Inmate Williams (D-05864) to the Health Services Annex and he was placed in a holding cell. I then went back to Building 6 and escorted Inmate Woods (D-30424) to the Health Services Annex and he was placed in a holding cell. I went back a third time to Building 6 and escorted Inmate Knight (C-67508) to the Medical Technical Assistant's (MTA) office and placed him in the MTA holding cell. Once I completed all escorts, I continued assisting searching cells 103 and 113 with negative results. This concludes my report.

CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | | 2861002 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 6/14/05 | [X] YES [ ] NO | [ ] YES [X] NO | 6/14/05 |

Distribution:   Original: Incident Package   Copy: Reporting Employee   Copy: Reviewing Supervisor

⟨30⟩

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE __1__ OF __2__

| INCIDENT LOG NUMBER |
|---|
| SVP-CEN-05-06-0365 |

| NAME: LAST | FIRST | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|
| JACKSON | J. | V. | 06/14/05 | 05:13 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 253105 | S&I # 6 | 7 YR. 5 MO. | 06/14/05 | Facility C, Building # 6, Cell # 113 |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| S/S/H | 0730-1600 | Resisting Staff s/force-Poss. of weapon- Poss. of narcs for sale | 3005 (b) / 3006 (a) / 3016 (c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|---|
| ☒ PRIMARY | Sgt. S. Hatton | (S) | Williams D05864 (S) | Frye T05458 (S) |
| ☐ RESPONDER | C/O B. Gibbs | (S) | Brown J75188 (S) | |
| ☐ WITNESS | C/O R. Salao | (S) | Knight C07508 (S) | |
| ☐ VICTIM | | | Harvey H28106 (S) | |
| ☐ CAMERA | | | Woods D30424 (S) | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | | SHOTS FIRED BY YOU | | | |
|---|---|---|---|---|---|---|---|
| ☒ WEAPON | ☐ MINI-14 | | | TYPE: | NO: | | NO: |
| ☒ PHYSICAL | ☐ 9 MM | **CHEM. TYPE:** | | 37 MM _____ | | 9 MM _____ | |
| ☐ NONE | ☐ 38 CAL | ☒ OC | MK-9 | L8 _____ | | 38 CAL _____ | |
| FORCE OBSERVED BY YOU | ☐ SHOTGUN | ☐ CN | _____ | 40 MM _____ | | MINI-14 _____ | |
| ☐ WEAPON | ☐ 37 MM  ☐ L8 | ☐ CS | _____ | 40 MULTI _____ | | ☒ N/A | |
| ☒ PHYSICAL | ☐ 40 MM  ☐ 40 MULTI | ☐ OTHER: _____ | | | | | |
| ☐ NONE | ☐ HFWRS  ☐ BATON | ☐ N/A | | SHOTGUN _____ | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY  ☒ N/A | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: _____ | |

**NARRATIVE:**

On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer # 6, I reported to Facility C, Building # 6, to perform a series of cell searches. The cell searches began with cell 102 and 103. Cell 102 was occupied by Inmate Woods D30424/C6-102 and Inmate Frye T05458/C6-102. Cell 103 was occupied by Inmate Knight C07508/C6-103 and Inmate Harvey H28106/C6-103. Both cells were opened simultaneously and the inmates were ordered to submit to handcuffs at which time they complied. I handcuffed Inmate Harvey and he was removed from the cell and secured in the upper A-Pod shower. I placed the handcuffs on Inmate Knight in the front due to the fact he is DPM. Officer R. Salao and I escorted Knight to a table in A-Pod where we relinquished custody of him to Facility C staff. The cell searches continued to C6-113 which was occupied by Inmate Williams D05864/C6-113 and Inmate Brown J75188/C6-113. Upon arriving at the cell the Control Booth Officer was instructed to open the cell door. Once the door was opened I observed Inmate Williams standing between the bunks and toilet. Correctional Officer B. Gibbs ordered Williams to back up to the cell entrance and submit to handcuffs with negative results. Officer Gibbs continued to order Williams to back up to the cell entrance and submit to handcuffs with negative results. Williams suddenly made an abrupt movement towards the lower bunk at which time I utilized my MK-9 Oleoresin Capsicum (OC). Williams grabbed an unknown object from the lower bunk and began running towards the cell entrance. Once Williams reached the cell entrance he tossed the unknown object in the toilet and began flushing repeatedly. Officer B. Gibbs ordered Williams to get on the ground and prone out with negative results.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| _(signature)_ | C/O | _(redacted)_ | 286930 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| _(signature)_ | 6/14/05 | ☒ YES  ☐ NO | ☐ YES  ☐ NO | 6/14/05 |

Distribution:   Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

⟨48⟩

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**CRIME / INCIDENT REPORT**
**PART C1- SUPPLEMENT**
CDC 837-C1 (Rev. 09/03)

PAGE __2__ OF __2__

INCIDENT LOG NUMBER
SVP-CEN-05-06-0365

| NAME: LAST | FIRST | MI |
|---|---|---|
| JACKSON | J. | V. |

TYPE OF INFORMATION:

[X] CONTINUATION OF REPORT      [ ] CLARIFICATION OF REPORT      [ ] ADDITIONAL INFORMATION

NARRATIVE:

Sergeant S. Hatton was able to grab Williams by his shirt and pull him out of the cell. Once Williams was out of the cell I grabbed both of Williams's shoulders with my hands and forced him to the ground. While on the ground I maintained control of William's left arm until handcuffs were applied. Williams was escorted to the lower B-Pod shower without further incident. This concludes my report.

] CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | C/O | | 286930 | 06/14/05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 6/14/05 | [X] YES [ ] NO | [ ] YES [ ] NO | 6/14/05 |

tribution    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

㉞

50.

NAME and NUMBER    HARVEY, H-28106

CDC - 128B (Rev. 4/74)

Case # SVP-CEN-05-06-0365, dated 6/14/2005, 115 Log # S05-04-0014 was referred to the Investigative Services Unit (ISU) for referral to the District Attorney's Office. Upon review of this case, prosecution referral has been declined and disciplinary action deemed best handled on an Administrative level.

☐ Accepted by the D.A.
☐ Rejected by the D.A.
☒ Declined by I.S.U.

cc:    C-File
       Inmate
       115 Desk
       ISU case file
       Facility CCII

ISU STAFF
Salinas Valley State Prison

Date: 8/16/2005          (DISTRICT ATTORNEY REFERRAL)          GENERAL CHRONO

ASSOCIATE WARDEN, OPS

AUG 1 8 2005

I/M copy

(33)

804 Sent To Records On _____ By _____

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

## RULES VIOLATION REPORT

| NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| -28106 | HARVEY | | | SVSP | C5-103U | S06-03-0033 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR 3005(a) / 3016(c) | POSSESSION OF A DEADLY WEAPON POSS. OF A CONTROLLED SUBSTANCE | Fac.'C'Bld.#6 | 03/03/06 | 0513 HRS. |

CIRCUMSTANCES

This RVR Log #S05-06-0014, is being ordered Re-issued / Re-heard per memorandum authored by C. Noll, Chief Disciplinary Officer, dated 03/03/06.

On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer #8, was assisting the Investigative Services Unit Officer's E. Parsons, M. Valdez and R. Salao with a cell search on Facility 'C' Building #6. As we approached C6 Building cell #103, the Control Booth Officer was instructed to open the cell door. Cell #103 was occupied by Inmates Knight (C-07508, C5-103L) and HARVEY (H-28106, C5-103U). The door opened and Knight who was lying on the bottom bed was instructed by Valdez to prone out on his stomach. Knight then stated that he is an ADA Inmate and could not prone out. Knight was then instructed to walk back to the cell door slowly and he complied, and was escorted by Officer Salao to the table in the A-pod dayroom. Inmate HARVEY who was laying on the top bunk was instructed to prone out on his stomach and he complied. Inmate HARVEY then crawled backwards and was placed in restraints. Inmate HARVEY was escorted by Valdez to the top tier shower without incident.

**(CONTINUED ON PART C)**

Inmate HARVEY is / **is not** a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| A. Diaz, Correctional Officer (ISU) | | | Security Squad #8 | |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| | | | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | 1 E-181 2005 | 3/23/a | G R Salorna at A2 JKG | ☐ HO ☑ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| -03-0033R | ► | 3/24/6 | 1550 | |

| INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| -05-06-0365 | ► | 3/22/6 | 1550 | ► | | |

HEARING

FERRED TO  ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| | | ► | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| | | ► | |

| | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | ► | | | |

CDC 115 (7/88)

(51.)

TE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
ES VIOLATION REPORT - PART C                                       PAGE _2_ OF _2_

| NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|--------|--------------|------------|-------------|--------------|
| -25105 | HARVEY | S0S-03-0033R | SVSP | 03/03/06 |

| SUPPLEMENTAL [X] | CONTINUATION OF: [X] 115 CIRCUMSTANCES | [ ] HEARING | [ ] IE REPORT | [ ] OTHER____ |

I along with Officer Parsons began searching cell #103 for any possible contraband. I searched the top bed, and lifted the mattress and found one (1) Inmate Manufactured Weapon on the bed. The weapon was in the middle of the bed which was approximately 5 inches in length and 1/2 inch width sharpened to a point. Attached to the weapon was a white cloth sleeve and a blue cloth string laced on top to tie a noose to cover the metal. The weapon also had a blue cloth string tied on top wrapped by a rubber band to form a makeshift handle. I continued searching the cell for contraband. As I began searching the lower bed I found a blue bini hat in the middle of the bed. The hat had a clear plastic tube with a brown leafy substance (tobacco) wrapped multiple times secreted in it. I also found in the hat a partial piece of rubber glove that contained two small wrapped plastic bindles of what appeared to be black heroin. I continued my search in the lower bed and found one (1) Inmate Manufactured Deadly Weapon on the lower right corner of the bed. The weapon was made of metal which was bent in half and measured approximately 3" 1/4 inches in length and 3/4 inch in width, sharpened to a point at the folded end. Attached to the weapon was a white paper sleeve taped with masking tape to cover the metal. The weapon also had a white shoe lace wrapped on top, tied to a knot to form a makeshift handle. No further contraband was discovered in the cell. I proceeded to photograph all of the evidence found in cell C5-103 in its original state of discovery.

I secured the evidence and proceeded to conduct a Department of Justice (DOJ) presumptive Drug Screening Test on the suspected bindles of black tar heroin. The first bindle weighed approximately 0.17 grams and tested positive for heroin. The second bindle weighed approximately 0.14 grams and tested positive for heroin.

I then secured and processed the weapons and photographs into ISU Evidence Locker 06A/2005 and the controlled substance in ISU Locker #51 pending DOJ results. This concludes my report.

Inmate HARVEY is aware of this report.

A. Diaz, Correctional Officer (ISU)

| | SIGNATURE OF WRITER | DATE SIGNED |
|--|---------------------|-------------|
| | | |

| [X] COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|--|--|--|--|
| | | | |

115-C (5/95)

 

OSP 99 25082

(5-2)

804 Sent To Records On 3/21/06 By ___

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT

| NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| -28106 | HARVEY | | 6/10/04 | SVSP | C6-103U | $06-03-0033 |
| VIOLATED RULE NO(S) | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| CCR§ 3006(a) / 3016(e) | | POSSESSION OF A DEADLY WEAPON / POSS. OF A CONTROLLED SUBSTANCE | | Fac.'C'Bld.#6 | 03/03/06 | 0513 HRS. |

CIRCUMSTANCES

This RVR Log #S05-06-0014, is being ordered Re-issued / Re-heard per memorandum authored by C. Noll, Chief Disciplinary Officer, dated 03/03/06.

On June 14, 2005, at approximately 0513 hours, while performing my duties as Security Squad Officer #3, was assisting the Investigative Services Unit Officer's E. Parsons, M. Valdez and R. Salao with a cell search on Facility 'C' Building #6. As we approached C6 Building cell #103, the Control Booth Officer was instructed to open the cell door. Cell #103 was occupied by Inmates Knight (G-07508, C6-103L) and HARVEY (H-28106, C6-103U). The door opened and Knight who was lying on the bottom bed was instructed by Valdez to prone out on his stomach. Knight then stated that he is an ADA Inmate and could not prone out. Knight was then instructed to walk back to the cell door slowly and he complied, and was escorted by Officer Salao to the table in the A-pod dayroom. Inmate HARVEY who was lying on the top bunk was instructed to prone out on his stomach and he complied. Inmate HARVEY then crawled backwards and was placed in restraints. Inmate HARVEY was escorted by Valdez to the top tier shower without incident.

(CONTINUED ON PART C)

Inmate HARVEY is / (is not) a participant in the Mental Health Services Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| A. Diaz, Correctional Officer (ISU) | 3/22/06 | Security Squad #3 | |

REVIEWING SUPERVISOR'S SIGNATURE    L.A. Ferry    3-22-06    ☐ INMATE SEGREGATED PENDING HEARING   DATE ___ LOC. ___

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
| ☐ ADMINISTRATIVE | A I-131-360 | 3/27/06 | G.R.Salazar, Lt | ☐ HO ☐ SHO ☐ SC ☐ FC |
| ☑ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | | |
|---|---|---|---|---|---|
| -03-0033R | | 3/22/06 | 1550 | | |
| INCIDENT REPORT LOG NUMBER | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE TIME |
| H-05-06-0365 | | 3/22/06 | 1550 | | |

HEARING

Plea: NOT GUILTY.

Findings: Inmate HARVEY was found GUILTY of CCR §3006(a), specifically "Possession Of A Deadly Weapon" a Division "1" offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing included: SEE CDC-115-C.

Disposition: Inmate HARVEY assessed 00 days forfeiture of credits due to the loss of time constraints.

Additional Disposition: Inmate HARVEY was counseled, warned and reprimanded.

Classification Referral: Refer to ICC for possible SHU assessment.

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| O. Bennett, Correctional Lieutenant | | 10/19/06 | 1050 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| F. Rankin, Captain | 10-27-06 | G. Lewis, C.D.O. | 11/6/06 |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | | 11/13/06 | 1015 |

CDC 115 (7/88)

OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS
S VIOLATION REPORT - PART C                                                            PAGE 2 OF 3

| UMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|-------|---------------|------------|-------------|--------------|
| 281   | HARVEY        | S06-03-0033R | S.V.S.P.  | 10/19/06     |

| SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

ing: 10/19/06.        Time: 1050 hours.        Any Postponement Explained: None.

ce's Health: Inmate HARVEY stated his health was good. MHSDS: Inmate HARVEY **is not** a participant in the Mental
n Services Delivery System.

of Discovery:   06/14/05.        Re-Issue / Re-Hear date: 03/03/06.        Initial RVR copy issued on: 03/22/06.
ing started on: 10/19/06.        Last document issued to inmate on: 05/02/06.
postponed date: 03/22/06.        D.A. results issued date: 03/23/06.        Time Constraints: Not met.

F Assistant: A Staff Assistant was not assigned per CCR §3315(d)(2).

te HARVEY's TABE score is above 4.0 as indicated in his C-file.

stigative Employee: On 03/28/06, Correctional Officer C. Reyes was assigned as the Investigative Employee.

Referral: This matter was referred to the District Attorney's office during the original adjudication of this
Inmate HARVEY requested his hearing be postponed, pending the outcome of the referral, as indicated by his
ature on the CDC-115A, dated 03/22/06. However, this SHO notes that on 12/21/05, notice was received from the
rict Attorney indicating the case had been rejected.

ence Requested:   Inmate HARVEY did not request any evidence at the hearing.

eral/Outside Evidence: None. Video Tape Evidence: N/A.

te Plea and Statement: Inmate HARVEY entered a plea of NOT GUILTY and submitted the following written statement,
Quillie Harvey, plead not guilty. The SHO cannot make a fair and impartial judgment because of the time lapse.
n unable to put on evidence due to the transfer of witnesses and the incomplete reports by I.S.U., I was not given
requested evidence, the 1030 says an anonymous note, that is not confidential. I should have been provided with
py of this note."

esses Requested: Inmate HARVEY requested Inmate White as a witness, however, could not provide a CDC number or
institution to which this inmate transferred. Due to this lack of information, no witnesses were summoned to this
ing.

ess Testimony at Hearing: None.

fidential Information: Confidential information was not used at this hearing, even though a CDC-1030 was issued.

ntinued On Part C)

Final copy    appraiyes  11/8/06@ 1015

J.D. Bennett, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED |
| | | 10/19/06 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☐ COPY OF CDC 115-C GIVEN TO INMATE

C 115-C (5/95)                                                                          OSP 99-25082
                                                                                        54

TE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
PAGE __3__ OF __3__

## ...ES VIOLATION REPORT - PART C

| NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| 28106 | HARVEY | S06-03-0033R | S.V.S.P. | 10/19/06 |

| SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |
|---|---|---|---|---|---|

**dings:** Inmate HARVEY is found GUILTY of "Possession Of A Deadly Weapon." This finding is based upon the following ponderance of evidence:

RVR Log #S06-03-0033R authored by Correctional Officer A. Diaz, which states in part, "On June 14, 2005, at roximately 0513 hours, while performing my duties as Security Squad Officer #8, I was assisting the Investigative vices Unit Officers E. Parsons, M. Valdez and R. Salao with a cell search on Facility 'C' Building #6. As we roached C6 Building cell #103, the Control Booth Officer was instructed to open the cell door. Cell #103 was ipied by Inmates Knight (G-07508, C6-103L) and HARVEY (H-28106, C6-103U). The door opened and Knight who was lying the bottom bed was instructed by Valdez to prone out on his stomach. Knight then stated that he is an ADA Inmate could not prone out. Knight was then instructed to walk back to the cell door slowly and he complied, and was orted by Officer Salao to the table in the A-pod dayroom. Inmate HARVEY who was lying on the top bunk was instructed prone out on his stomach and he complied. Inmate HARVEY then crawled backwards and was placed in restraints. Inmate VEY was escorted by Valdez to the top tier shower without incident. I along with Officer Parsons began searching l #103 for any possible contraband. I searched the top bed, and lifted the mattress and found one (1) Inmate afactured Weapon on the bed. The weapon was in the middle of the bed which was approximately 5 inches in length 1/2 inch width sharpened to a point. Attached to the weapon was a white cloth sleeve and a blue cloth string laced top to tie a noose to cover the metal. The weapon also had a blue cloth string tied on top wrapped by a rubberband form a makeshift handle."

CDC-837 Supplemental Report Log #SVP-CEN-05-06-0365 authored by Correctional Officer E. Parsons, which states in :, "I then returned to Building C6 and finished the search of cell 103 with Officer Diaz. During the search Officer z found two Inmate Manufactured Weapons and suspected Heroin."

**:lusion:** This SHO notes that Inmate HARVEY is being charged with being in Possession Of A Deadly Weapon and session Of A Controlled Substance, both of which were discovered during the same cell search. Therefore, this SHO is a sufficiency of evidence in rendering Inmate HARVEY guilty of being in possession of a deadly weapon which is more serious of the charged offenses. This finding is based on the Rules Violation Report that documents the covery of a deadly weapon under the upper bunk's mattress. At the time of the search, Inmate HARVEY was assigned the upper bunk of cell C6-103, this is further supported by the Reporting Employee's eyewitness account wherein observed Inmate HARVEY laying on the upper bunk when the cell search was initiated.

**itional Disposition:** This Rules Violation Report was ordered Re-Issued / Re-Heard by C.D.O. C. Noll on 03/03/06. re are due process issues which are addressed throughout the hearing process. This RVR was assigned to this SHO 10/13/06, after an extensive delay in being heard. The original hearing did not include the mandated imposition CR §3315(f)(4), therefore it was not imposed at this hearing.

**ny Concerns:** None.

**eal Rights:** Inmate HARVEY was advised of his appeal rights per CCR §3084.1(a). Inmate HARVEY was advised he will ive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer.

*Final copy Cao cranges 11/8/06 @ 1015*

J.D. Bennett, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 10/19/06 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

115-C (5/95)



 OSP 99 25082

55.

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-28106 | HARVEY | CCR§ 3005(a)/3016(c) | 03/03/06 | SVSP | S06-03-0033R |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☒ YES   ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ *Quillie Harvey* | 3-22-06 |

DATE NOTICE OF OUTCOME RECEIVED  12/31/05    DISPOSITION  Reject C by D.A.

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON   DNMe per ccr 3315 (d)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ *Quillie Harvey* | 3-22-06 |
| ☒ ASSIGNED | DATE  03/28/06 | NAME OF STAFF  C. Reyes, Correctional Officer | |
| ☐ NOT ASSIGNED | REASON | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER _____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 03/28/06, I was assigned as Investigative Employee for CDC-115 Log #S06-03-0033R. I informed Inmate HARVEY of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate HARVEY stated that he had no objection to my serving in this capacity.

DEFENDANT'S STATEMENT: On 03/28/06, I interviewed Inmate HARVEY and he stated the following: "I have questions for witnesses." Inmate HARVEY also submitted written questions to be asked of staff witnesses.

REPORTING EMPLOYEE'S STATEMENT: On 04/05/06, I interviewed Correctional Officer A. Diaz and the officer provided the following statement: "I conducted a cell search of Knight and Harvey. While in the cell I found on the top bunk under the mattress, an Inmate Manufactured Weapon sharpened to a point. On the bottom bunk on the right end top corner, I found a weapon folded in half with a sharp point. The weapon was covered with a paper sleeve. Also, found on the bottom bunk inside a beanie cap, was two plastic bundles of black heroin tar and tobacco. I processed all evidence into evidence and the heroin was submitted to the D.O.J."

*Final copy ccc Reyes   11/8/06 1015*

Continued On Part C)                                    C. Reyes, Correctional Officer

| | INVESTIGATOR'S SIGNATURE  ▶ *CDC Reyes* | DATE 4/7/06 |
|---|---|---|
| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE)  ▶ | TIME 1550  DATE 3/22/06 |

CDC 115-A (7/88)          — If additional space is required use supplemental pages —          OSP 03 748

(56.)

TE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
LES VIOLATION REPORT - PART C                                      PAGE __2__ OF __3__

| NUMBER<br>1-28306 | INMATE'S NAME<br>HARVEY | LOG NUMBER<br>S06-03-0033R | INSTITUTION<br>SVSP | TODAY'S DATE<br>03/28/06 |
|---|---|---|---|---|

SUPPLEMENTAL ☑   CONTINUATION OF: ☐  115 CIRCUMSTANCES ☐   HEARING ☐  ☑ IE REPORT ☐  OTHER _____

**AFF WITNESSES' STATEMENT:**

interviewed Correctional **Lieutenant R.L. Martinez** and asked the following questions provided by Inmate HARVEY:
How did you become a part of the extraction searches?
I.S.U. and I.G.I. are the same unit.

What were your working hours on 06/14/05?
Varies.

You were not on the scene until 45 minutes after my cell had started being searched, true or false?
I was there from start to finish on cell searches I.S.U. and I.G.I. conducted.

further questions were asked of Lieutenant Martinez.


interviewed Correctional **Lieutenant G.D. Jordan** and asked the following questions provided by Inmate HARVEY:
This information you received, that my cell had contraband, what kind of information was this?
The information was anonymous.

What date did you receive this information?
The day before the searches.

What made this information credible that you acted on it?
The contraband found in cells during searches made it credible.

You were not in my cell until 45 minutes after my cell had started being searched, true or false?
Irrelevant.

Why didn't you order your officers to video tape these extractions per use of force policy?
This was not a calculated cell extraction, you exited your cells as ordered.

further questions were asked of Lieutenant Jordan.


interviewed Correctional **Sergeant S. Hatton** and asked the following questions provided by Inmate HARVEY:
Why didn't you put everything that happened on 6/14/05 in the incident report?
Everything was mentioned.

All of the participating I.S.U. officers work hours range from 7:30am to 1600 or 8:00am to 1630, true?
True.

further questions were asked of Sergeant Hatton.


ntinued On Part C)                          C. Reyes, Correctional Officer

| SIGNATURE OF WRITER<br> | | DATE SIGNED<br>4/17/06 |
|---|---|---|
| ☐  COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED    TIME SIGNED |
| Final Copy Go C Reyes  11/8/06 @ 1015 | | |

115-C (5/95)                                                          OSP 99 25082

TE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS
LES VIOLATION REPORT - PART C                                                             PAGE __3__ OF __3__

| NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| i-28176 | HARVEY | S06-03-0033R | SVSP | 03/28/06 |

SUPPLEMENTAL ☐   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER_____

Staff Witnesses' Statement (Continued)

interviewed Correctional Officer J.V. Jackson and asked the following questions provided by Inmate HARVEY:
: When you came to get me from the shower didn't you accuse me of fishing while I was in there?
: I don't remember.

: When you escorted me didn't you say 'Yall think you got away with something?
: Don't recall.

Didn't you batter as you escorted me across the yard to the program?
I don't understand the question.

Why did you leave out that you escorted me to the Health Annex in your report?
Per my report, I did not escort you to Health Annex.

further questions were asked of Officer Jackson.

Investigative Employee Statement:
mate HARVEY requested all reports, photos of narcotics and photos of weapon. All reports were issued, this would
the incident package. The incident package has everyone's reports and what transpired on that day. Upon completion
the I.E. Report Inmate HARVEY will receive photos of weapons and drugs that were found in his cell. Also, Inmate
RVEY requested this I.E. to interview two inmates in 06-105. On 04/05/06, I attempted to interview said inmates.
ce there, I approached cell 105 in 06 and both inmates were no longer in cell 105. I was told they were no longer
used there. On 04/06/06, I spoke with Inmate HARVEY and told him the inmates he wanted questioned were no longer
06-105 and that I was told they had transferred. Furthermore, Inmate HARVEY did not provide the names of the inmates
r did he provide CDC numbers to assist in locating them.

porting Employee requested at the hearing:   No
vestigative Employee requested at the hearing:   No
aff / Inmate witnesses requested at the hearing:   No
iitional information in Confidential Reports:   No

Final Copy   C. Reyes   11/8/0003 /015

C. Reyes, Correctional Officer

| SIGNATURE OF WRITER | | | DATE SIGNED |
|---|---|---|---|
| C. Reyes | | | 9/11/06 |
| COPY OF CDC 115-C GIVEN TO INMATE ☐ | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

115-C (5/95)

 

OSP 99 25082



(59)

(42.)



(6.0)

  



STATE OF CALIFORNIA                                                  DEPARTMENT OF CORRECTIONS

## NOTICE OF CLASSIFICATION HEARING
### CDC 128 - B1 (Rev 2/95)

| INMATE NAME | CDC NUMBER | TODAY'S DATE |
|---|---|---|
| HARVEY | H-28106 | 10/19/05 |

**YOU WILL APPEAR BEFORE A CLASSIFICATION COMMITTEE ON** _____A.S.A.P_____ **FOR CONSIDERATION OF A MAJOR PROGRAM CHANGE AS FOLLOWS:**

☐ TRANSFER ............................................ ☐ INCREASE IN CUSTODY ............... ☐ ASSIGNMENT TO SECURITY HOUSING ...

☐ REMOVAL FROM PROGRAM ...... ☒ OTHER ___SHU Assessment.___

**REASON:**       On 10/19/05, Inmate HARVEY, H-28106, appeared before Correctional Lieutenant J.D. Barnett, Senior Hearing Officer, for a CDC-115 hearing concerning Rifles Violation Report, Log #S05-05-0033R, charging him with the specific act of "Possession Of A Deadly Weapon." Inmate HARVEY was found GUILTY and is referred to I.C.C. for: SHU Assessment.

COMMITTEE MEMBER:

J.D. Barnett, Correctional Lieutenant

| | | |
|---|---|---|
| | Senior Hearing Officer | S.V.S.P. |

ROUTING AND PHONE: ORIGINAL - CLASSIFICATION COMMITTEE    COPY - INMATE

(45.)

TE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                ARNOLD SCHWARZENEGGER, GOVERNOR



/ISION OF ADULT OPERATIONS
.INAS VALLEY STATE PRISON
325 HIGHWAY 101
. BOX 1020
.EDAD, CA. 93960
1) 678-5500

ate:    March 3, 2006

o:     Lt. Parin

ubject:   **REISSUE/REHEAR RULES VIOLATION REPORT (RVR) LOG # S05-06-0014**   .
        **Possession Of a Deadly Weapon/Poss. Of a Controlled Substance**

        CDC 115 RVR Log #**S05-06-0014** dated 06/14/05 for violation of California Code of
        Regulations (CCR) 3005(a) & 3016(a) **Possession Of a Deadly Weapon/Poss. Of a
        Controlled Substance** is hereby ordered to be reissued/reheard.

        If you have any questions you may contact me at extension 5535.



        C. Noll
        Associate Warden
        Salinas Valley State Prison

(63.)

NAME AND NUMBER: **KNIGHT**          CDC #: **C-07508**          CDC 128B (Rev. 4/74)

On June 14, 2005, I was conducting a cell search on Facility 'C' Building 6, cell 103 occupied by Inmates KNIGHT, C-07508 and HARVEY, H-28106. Inmate KNIGHT, who was already escorted out of his cell prior to the search, was placed in A-Pod section table seat. As I began searching cell 103, I saw KNIGHT get up from the table seat, and run to cell 104 throwing an unknown object under the door. I quickly yelled to KNIGHT to get down and he ran back to the table and sat on the seat. I informed KNIGHT that he stated earlier he was an ADA inmate and could not prone out. I subsequently asked KNIGHT if he could not prone out, how he could be running back and forth with no restrictions or limitations. KNIGHT refused to answer my question.

A. DIAZ, Correctional Officer
Security Squad #8
Salinas Valley State Prison

DATE: 6/14/05                (GENERAL INFORMATION)                GENERAL CHRONO

CDC - 128B (Rev. 4/74)

NAME and NUMBER    KNIGHT, C-07508

Case # SVP-CEN-05-06-0365, dated 6/14/2005, 115 Log # _____ was referred to the Investigative Services Unit (ISU) for referral to the District Attorney's Office.   Upon review of this case, prosecution referral has been declined and disciplinary action deemed best handled on an Administrative level.

☐ Accepted by the D.A.
☐ Rejected by the D.A.
☒ Declined by I.S.U.

cc:    C-File
       Inmate
       115 Desk
       ISU case file
       Facility CCII

ISU STAFF
Salinas Valley State Prison

Date: 8/16/2005          (DISTRICT ATTORNEY REFERRAL)          **GENERAL CHRONO**

---

NAME AND NUMBER: **KNIGHT**          CDC #: **C-07508**          CDC 128B (Rev. 4/74)

On June 14, 2005, I was conducting a cell search on Facility 'C' Building 6, cell 102, when I heard loud noises coming from the A-Pod section.  I quickly stepped out of the cell, and observed Inmate KNIGHT, C-07508 running back from cell 104 to the table seat in A-Pod section and sit down.

B. DE LOS SANTOS, Correctional Officer
Security Squad #9
Salinas Valley State Prison

DATE: 6/14/05          (GENERAL INFORMATION)          **GENERAL CHRONO**

65.

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| C-07508 | KNIGHT | CCR§ 3005(a)/3016(c) | 03/03/06 | SVSP | S06-03-0032R |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☒ YES    ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ C. Knight | 3/22/06 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| 8/12/05 | Declined by ISU |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ C. Knight | 3/22/06 |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☒ NOT ASSIGNED | REASON DNMC per CCR 3315(d)(2) | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ C. Knight | 3/22/06 |

| ☒ ASSIGNED | DATE 03/28/06 | NAME OF STAFF C. Reyes, Correctional Officer |
|---|---|---|
| ☐ NOT ASSIGNED | REASON | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER    ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 03/28/06, I was assigned as Investigative Employee for CDC-115 Log #S06-03-0032R. I informed Inmate KNIGHT of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate KNIGHT stated that he had no objection to my serving in this capacity.

**DEFENDANT'S STATEMENT:** On 03/28/06, I interviewed Inmate KNIGHT and he chose not to make a statement. However, Inmate KNIGHT submitted written questions to be asked of Reporting Employee Correctional Officer A. Diaz, staff and inmate witnesses.

**REPORTING EMPLOYEE'S STATEMENT:** On 03/29/06, I interviewed Correctional Officer A. Diaz and asked the following questions provided by Inmate KNIGHT:

Q: You reported that you and Parsons searched cell C5-103, is that true?
A: Yes.

Q: Did any other officers enter C5-103 while you were searching that cell?
A: No.

Q: Was Parsons with you from the beginning of the search of cell C5-103 to the end of the search?
A: Yes.

(Continued On Part C)

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ C. Reyes, C/O | |

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 1520 | DATE 3/22/06 |
|---|---|---|---|

CDC 115-A (7/88)        — *If additional space is required use supplemental pages* —                    66                OSP 03 748

ATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

JLES-VIOLATION REPORT - PART C
PAGE____OF____

| IC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07509 | KNIGHT | S06-03-0032R | SVSP | 03/28/06 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER_____

Reporting Employee Continued)

: Were you alone at any time during the search of cell C6-103?
: No.

: Did you make the discovery of weapons and narcotics in the presence of Parsons?
: Yes.

: You responded to the incident in the dayroom when C/O Troncoso said I kicked something under the door of C6-103, is that correct?
: What incident are you referring to?

: Were you instructed by your superiors to not report the incident in the dayroom?
: No.

: Why didn't you include in any of your reports the dayroom incident?
: What incident are you referring to?

: Did you have the alleged discovered weapons photographed in the exact place / spot where you claim you found them?
: Yes.

> further questions were provided for Officer Diaz.

orrectional Officer Diaz further made the following statement: "I conducted a cell search of Knight and Harvey. While I the cell I found on the top bunk under the mattress, an Inmate Manufactured Weapon sharpened to a point. On the attom bunk on the right end top corner, I found a weapon folded in half with a sharp point. The weapon was covered lth a paper sleeve. Also, found on the bottom bunk inside a beanie cap, was two plastic bundles of black heroin tar al tobacco. I processed all evidence into evidence and the heroin was submitted to the D.O.J."


CAFF WITNESSES' STATEMENT:

interviewed Correctional Lieutenant R.L. Martinez and asked the following questions provided by Inmate KNIGHT:
: Since you were not present at the onset of the extraction / searches, how did you confirm the events described n the CDC 837-A1, dated 6/14/05?
: Accumulated reports.

: What did I.G.I. have to do with the extraction / search of cell C6-103?
: I.S.U. and I.G.I. are part of the same unit.

> further questions were asked of Lieutenant Martinez.


Continued On Part C)

                    C. Reyes, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | | |

IC 115-C (5/95)

OSP 99 2508

(67)

TE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
                                                                         PAGE _3_ OF _3_
LES VIOLATION REPORT - PART C

| C NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-07508 | KNIGHT | S06-03-0032R | SVSP | 03/28/06 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER_____ |

Staff Witnesses' Statement Continued)

Interviewed Correctional Lieutenant G.D. Jordan and asked the following questions provided by Inmate KNIGHT:
: If information was received which you alleged prompted the searches, why didn't you produce the relied upon information in the incident reports?
: Information was anonymous, the incident commander was Lieutenant Martinez.

: Why didn't you provide the date, time and place of the received information in your report?
: Based on information being anonymous date and time are not relevant.

: Since you were officially functioning as I.S.U., what were your hours of duty and R.D.O.'s on 06/14/05?
: Irrelevant.

: Being that you signatured as Reporting Staff, why didn't you disclose in the CDC 837-A1 the reason(s) for the searches?
: I was not the incident commander Lieutenant Martinez was.

> further questions were asked of Lieutenant Jordan.

Interviewed Correctional Sergeant S. Hatton and asked the following questions provided by Inmate KNIGHT:
: Why didn't you report your ordering the inmates in cell C5-105 to prone out, crawl out of the cell, restrain them, search the cell after ordering C/O Milare to open the cell C5-105?
: Not Ad/Seg, we can open cell doors.

: Why didn't you report that C/O Troncoso's assertion that I kicked something under the door of C5-105?
: I don't know who C/O Troncoso is.

: Why didn't you have C/O Milare or C/O Troncoso write reports of the incident in the dayroom during the searches after I was placed at the dayroom table?
: Not applicable.

> further questions were asked of Sergeant Hatton.

Investigative Employee Statement:
Inmate KNIGHT requested all photos of weapons and narcotics and reports. All reports have been issued in the incident package. The incident package describes what transpired on that day. As far as photos of weapons and narcotics that will be issued upon completion of I.E. report. Inmate KNIGHT also requested that inmates housed in C5-105 be interviewed. On 04/05/06, I attempted to interview said inmates, upon arrival to C5-105, I discovered that the inmates are no longer in C5-105. I was told that they had transferred. Furthermore, Inmate KNIGHT did not provide the names r CDC numbers of said inmates.

eporting Employee requested at the hearing:  No
nvestigative Employee requested at the hearing:  No
taff / Inmate witnesses requested at the hearing:  No
dditional Information in Confidential Reports:  No

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | G. Reyes, Correctional Officer | | |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

68

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-28106 | HARVEY | CCRS 3006(a) / 3016(c) | 06-14-05 | SVSP | S05-06-0014 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT.  ☒ YES  ☐ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | ▶ |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | X Orville Harvey | X 6-29-0 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| 8/18/05 | DA - Declined | | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | ▶ |

### STAFF ASSISTANT

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| STAFF ASSISTANT ☐ REQUESTED  ☐ WAIVED BY INMATE | ▶ | ▶ |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☒ NOT ASSIGNED | REASON  DNMC per CCR 3315 (d)(2) | |

### INVESTIGATIVE EMPLOYEE

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| INVESTIGATIVE EMPLOYEE ☐ REQUESTED  ☐ WAIVED BY INMATE | X Orville Harvey | X 6-29-0 |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|
| ☐ NOT ASSIGNED | REASON | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER  ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

### INVESTIGATIVE REPORT:

Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

On 09-14-05, I informed Inmate Harvey (H-28106), that I have been assigned as the Investigative Employee for Rules Violation Report Log #S05-06-0014, charging him with violation of CCR § 3005(a) / 3016(c), specifically: Possession Of A Deadly Weapon/Poss. Of A Controlled Substance. I advised Inmate Harvey that he would have an opportunity to present his case before a Senior Hearing Officer and that my function was to gather information, interview him, the reporting Employee, and all persons having information regarding this matter. Inmate Harvey stated that he understood my function as the Investigative Employee and expressed no objections to my assignment. As the assigned and accepted Investigative Employee for this matter, I conducted the investigation and submit the following results in the following report.

Defendant's Statement: On 09-14-05, I interviewed Inmate Harvey, regarding the circumstances surrounding the alleged violation. Inmate Harvey stated, "I deny any knowledge of any contraband being in the cell. The extractions/searches were not taped, in violation of use of force policy. Time constraints were not met. The 115 was not served within 15 days. The hearing wasn't held within 30 days since it was never sent to the DA." I/M Harvey also presented this I.E. with questions for several officers, they are as followed:

See I.E. Supplemental "C"

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ C. Reyes, Correctional Officer | 8/26/05 |

| COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ C. O. Reyes | TIME 1005 | DATE 8/29/05 |
|---|---|---|---|

CDC 115-A (7/88)                    If additional space is required use supplemental pages                    OSP 96 8811

ATE OF CALIFORNIA

LES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE _2_ OF _4_

| NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-28106 | HARVEY | S05-06-0014 | SVSP | 09-22-05 |

| SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER_____ |

Martinez (09-22-05):

) R.L. Martinez, why did you order these extractions/cell searches?
) Searches were not cell extractions.
) Knowing your officer were gonna come snatch the cell door open at 5:00 A.M. why didn't you see that the officers video taped this?
) Does not require video taping.
) Being aware of SVSP's history of evidence planting why weren't the searches taped?
) Refer to answer above.
) Why did you put in the Incident Report that you sent I.S.U. to confiscate all writing materials?
) Not necessary looking for contraband.
) Why haven't you gave me a receipt of the paper work I.S.U. confiscated?
) Material was returned.
) Why did you leave out of the Report the confiscated paper work?
) Refer to answer above.

) Diaz I.S.U. (09-22-05):

) When you were searching a cell on 6-14-05 did you see Gibbs with his hand inside a evidence envelope and ay "There's something in there?"
) No.
) Did you go inside the other cell that was being searched?
) No.
) Did you video tape your searches?
) No.
) How many officers went in my cell that morning?
) 2
) Did you pull bucket of what you thought was pruno out of a cell?
) No.
) Why didn't you put what you took out of my cell in your report?
) I reported everything I found.

t. Hatton I.S.U. (09-22-05):

) When you came to the shower and told me it was in your log to hit certain cells and confiscate all writing materials you told me I was going to the hole because a knife was found why didn't you say anything about the drugs? not
) It didn' matter at that point.
) Why did you leave out the items I.S.U. confiscated in your report?
) I don't recall.
) Cell 105 was searched that morning, why?
) I was told by my supervisors.

n't on Supplemental 'C')

| | SIGNATURE OF WRITER  C. REYES, Correctional Officer | DATE SIGNED 9/26/05 |
|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 9/26/05 | TIME SIGNED |

C115-C (5/95)

OSP 99 25082

(70)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
PAGE 3 OF 4

RULES VIOLATION REPORT - PART C

| C NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-28106 | HARVEY | S05-06-0014 | SVSP | 09-22-05 |

☐ SUPPLEMENTAL ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☒ IE REPORT ☐ OTHER_____

/O E. Parsons I.S.U. (09-22-05):

1) Were you in cell 103 at the time Diaz allegedly found the contraband?
1) Yes.
2) How many video cameras does I.S.U. have?
2) N/A to investigation.
3) Why did you leave out your report you confiscated letters/legal work?
3) I have included the second page of my report that describes what was found.

. Pulido MTA (09-22-05):

1) When me and Knight were brought to the Holding Cages in the Medical we did not have on shirts could you see any bruises on me?
1) I don't recall.
2) When you left at 4:00 P.M. did I appear healthy?
2) I don't recall.

:. G. Jordan (09-22-05):

1) Were you I.S.U. on 6-14-05?
1) Yes.
2) My cell was just searched weeks prior, what gave you reason to believe there was contraband in there on 6-14-05?
2) Received information indicating that you were in possession of contraband.

/O L. Millare (09-22-05):

1) Cell 105 was searched that morning why?
1) I don't know.
2) Why didn't you write a report about that incident?
2) I was not involved in the incident. All I was instructed to do was open the cell doors.

**porting Employee's Statement:** On 09-22-05, I received a written statement from R.E. Diaz. Correctional Diaz stated, conducted a cell search of Knight and I/M Harvey. While in the cell I found on the top bunk under the mattress, a Inmate Manufactured Weapon sharpened to a point. On the bottom bunk on the right end top corner, I found a weapon folded in half with a sharp point. The weapon was covered with a paper sleeve. Also found on the bottom bunk inside beanie cap was two plastic bundles of black heroine tar and tobacco. I processed all evidence into evidence and e heroine was submitted to D.O.J.

porting Employee Requested at Hearing:        NO
vestigative Employee Requested at Hearing:    NO
aff Witnesses Requested at Hearing:           NO
mate Witnesses Requested at Hearing:          NO

on't on Supplemental 'C)

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| C. REYES, Correctional Officer | | 9/26/05 |
| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |

☒ COPY OF CDC 115-C GIVEN TO INMATE    9/26/05

:115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                   PAGE _4_ OF _4_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-28106 | HARVEY | S05-06-0014 | SVSP | 09-22-05 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER_____

Investigative Employee's statement:

Inmate Harvey requested the following Evidence:

) I.S.U. Log of order to hit 103 C-6 by Lt. R.L. Martinez.
Said item cannot be provided due to Security Concerns, in addition, has no relevant information.

) Photos weapons 1 thru 10.

) Photos of bindles of heroine.
These items need not be provided. Whereas for identification purposes, the RVR/I.R. and D.O.J. Report all contain
sufficient description of the bindles. The D.O.J. notes that each bindle tested positive for heroine.

) Log of Health Annex Holding Cages and MTA Office Cages on 6-14-05.
has no relevant information.

) Salinas Valley State Prison Use of Force Policy and I.S.U. (if they have a separate policy).
Said item cannot be provided due to Security Concerns, in addition, has no relevant information.

) All Non-Confidential Evidence relied upon.
The inmate has been provided with the aforementioned information.

| | SIGNATURE OF WRITER *Reyes* | DATE SIGNED 9/26/05 |
|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | C. REYES, Correctional Officer | |
| | GIVEN BY: (Staff's Signature) | DATE SIGNED 9/26/05 | TIME SIGNED |

CDC 115-C (5/95)                                                      OSP 99 25082

**STATE OF CALIFORNIA**
**COUNTY OF MONTEREY**

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, _Quillie Harvey_ declare under penalty of perjury that: I am the _Petitioner_ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _31ˢᵀ_ day of _MAY_, 20_07_, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) _Quillie Harvey_
                          DECLARANT/PRISONER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _Matthew Bradford_, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On _MAY, 31_, 20_07_, I served the foregoing: _Motion For leave To File supplemental claims, request for Appointment of counsel and Declaration of Indigency. Additional claims 3;4_

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

_Office of The Attorney General_ / _Superior Court of California_
_455 Golden Gate Ave. Suite 11000_ / _County of Monterey_
_San Francisco, CA. 94102_ / _240 Church Street, Suite 318_
_Attn: Correctional Law Section_ / _Salinas, CA. 93901_

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct. _Matthew Bradford_

DATED: _5-31-_, 20_07_, _Quillie Harvey_
                          DECLARANT/PRISONER

(73.)

1. Quillie Harvey H-28106
2. P.O. Box 1050
3. Soledad, CA. 93960
4.
5. In Pro Per
6.
7.

SUPERIOR COURT OF THE STATE OF CALIFORNIA,
COUNTY OF MONTEREY

8. IN RE
9. Quillie L. Harvey Jr.
10.
11. ON HABEAS CORPUS

No. HC 5707

MOTION FOR LEAVE TO FILE
SUPPLEMENTAL CLAIMS.

12.     TO ALL PARTIES PLEASE TAKE NOTICE. PETITIONER Quillie Harvey MOVES
13. THIS COURT TO ALLOW HIM TO FILE SUPPLEMENT CLAIMS. PETITIONER HAS CAME AWARE
14. OF ISSUSES HE MADE IN HIS INMATE APPEAL THAT HE FAILED TO MENTION IN HIS MAY 1, 2007
15. FILED WRIT OF HABEAS CORPUS. IF THE COURT DOES NOT TAKE THESE ISSUSES INTO CONSIDERA-
16. TION PETITIONER WILL UNDOUBTENGLY BE PERJUDICED. WHEREFORE PETITIONER RESPECTFULLY
17. REQUEST THAT HE BE ALLOWED TO FILE THE ACCOMPANIED ADDITIONAL CLAIMS.

18.     I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE IS TRUE & CORRECT.
19. DATED: 5-31-07

20.          Quillie Harvey                      Quillie Harvey
21.          (PETITIONER)                        (PETITIONER SIGNATURE)
22.
23.
24.
25.
26.
27.
28.

(74)

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate pages for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PETITIONER REQUESTED A STAFF ASSISTANT PER CALIFORNIA CODE OF
REGULATIONS TITLE 15 THAT REQUEST WAS DENIED. (SEE SUPPORTING DOCU
MENT 3B ATTACHED TO ORIGINAL PETITION HC 5707)

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

ON JUNE 14, 2005 PETITIONER WAS PLACED IN AD. SEG. FOR POSSESSION OF A WEAPON : NARCOTICS.
ON 3-22-06 PETITIONER WAS GIVEN A RULES VIOLATION REPORT 115 (R.V.R.) AT WHICH TIME PETITIONER
REQUESTED A STAFF ASSISTANT. THIS REQUEST WAS DENIED. AN INVESTIGATIVE EMPLOYEE WAS ASSIGNED,
HOWEVER AN INVESTIGATIVE EMPLOYEE (I.E.) DOES NOT REPRESENT A PRISONER'S POSITION AT THE HEARING, INSURE
THAT IT IS UNDERSTOOD, OR INSURE THAT THE PRISONER UNDERSTANDS THE DECISION REACHED. NOR DOES HE/SHE
OTHER WISE ASSIST OR ADVISE THE PRISONER IN PREPARATION FOR THE HEARING. IN PETITIONERS CASE HE WAS
PERJUDICED BY THIS BECAUSE THE I.E. DID NOT DILIGENTLY TRY TO LOCATE PETITIONERS REQUESTED WITNESSES.
WHEN PETITIONER ASKED I.E. C. REYES TO CHECK THE 106 BOOKS TO GET THE C.D.C. NUMBERS OF HIS REQUESTED
WITNESSES SHE STATED THAT IT WAS "NOT REQUIRED OF HER." AN I.E. ACTS AS A REPRESENTATIVE OF THE OFFICIAL
WHO WILL CONDUCT THE DISCIPLINARY HEARING. 3318 (b) (5), OFFICER J.D. BENNETT HEARD THE R.V.R. AND WHEN
I EXPLAINED THE SITUATION OF NOT BEING ABLE TO LOCATE WITNESSES HE STATED THAT SINCE I COULDN'T PRO-
VIDE C.D.C. NUMBERS THEY WOULD NOT BE CALLED. THE DENIAL OF A STAFF ASSISTANT PREVENTED PROPER
PREPARATION WHICH RESULTED IN PETITIONER BEING FOUND GUILTY OF POSSESSION OF A WEAPON.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

C.C.R. 15, 3315 (d) : 3318 (b) (B) AND STATE AND FEDERAL CONSTITUTIONS.

PETITION FOR WRIT OF HABEAS CORPUS



7. Ground 1 or Ground __4__  *(if applicable)*:

"On 1-4-06 C.S.R. deferred the request to place petitioner in the SHU. C.S.R. then stated" "During the I.E. fact finding, it became apparent Lt. B. Jordan initiated the searches as a direct result of info. received. If the info. was confidential then the inmate has a right to a form 1030. If it was anonymous info. what made it credible. That it resulted in a simultaneous search of five cells, and needs to be disclosed to the inmates."

a. Supporting facts:

On 6-2-06 petitioner was given a CDC 1030 confidential information disclosure form, which stated an anonymous note was received stating that a search of several cells on facility "C" would produce weapons and drugs. The document failed to say what made it credible that it resulted in a simultaneous search of five cells.

(See supporting documents 3 & 4 attached to original petition HC 5707.)

b. Supporting cases, rules, or other authority:

California Code of Regulations Title 15. 3321. C.S.R.'s recommendation.

MC-275 [Rev. July 1, 2005]              **PETITION FOR WRIT OF HABEAS CORPUS**              Page four of six





IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT



Court of Appeal - Sixth App. Dist.

**FILED**

NOV 3 0 2007

MICHAEL J. YERLY, Clerk

By _____ DEPUTY

In re QUILLIE LEROY HARVEY, JR.,

on Habeas Corpus.

H032177
(Monterey County
Super. Ct. No. HC5707)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,

participated in this decision.)

Dated    **NOV 3 0 2007**    _____BAMATTRE-MANOUKIAN, J._____ Acting P.J.

⑦⑦